**ALABAMA CIVIL LIBERTIES UNION
et al., Plaintiffs-Appellees,**

v.

**George C. WALLACE, Governor of Alabama, etc., Defendant-Appellant.**

**No. 71–3390.
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 3, 1972.

Charles M. Crook, Montgomery, Ala., Gordon Madison, Asst. Atty. Gen., Smith, Bowman, Thagard, Crook & Culpepper, Montgomery, Ala., for defendant-appellant.

Joseph J. Levin, Jr., Montgomery, Ala., Levin & Dees, Montgomery, Ala., for appellees.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from an order, judgment and decree of the United States District Court for the Middle District of Alabama enjoining defendant-appellant from reading and causing to be read, or permitting anyone subject to their control and direction to read to students in the public schools of Alabama readings from the Holy Bible as required by Title 52, Code of Alabama, § 542 (Recomp. 1958), and declaring Title 52, Code of Alabama, §§ 542, 543, 544.[1] (Recomp. 1958) unconstitutional and void.

We find no error in the district court's failure to impanel a three judge

---

* ██ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

1. § 542. All schools in this state that are supported in whole or in part by public funds shall have once every school day readings from the Holy Bible. (1927 School Code, § 594.) § 543. Teachers in making monthly reports shall show on the same that they have complied with the preceding section, and superintendents of city schools in drawing public funds shall certify that each teacher under his supervision has complied with this and the preceding section. (1927 School Code, § 695.) § 544. Schools in the state subject to the provisions of this and the two preceding sections, shall not be allowed to draw public funds unless the provisions of this and the two preceding sections are complied with, and the state superintendent of education is charged with the enforcement of the provisions hereof. (1927 School Code, § 596.)

court under 28 U.S.C. § 2281, for it is well settled that where prior decisions make insubstantial or frivolous any claim that a state statute on its face is not unconstitutional, a three judge court is not required. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1963). This is such a case. School District of Abington v. Schempp, 374 U.S. 203, 83 S.Ct. 1560, 10 L.Ed.2d 844 (1963).

We thus affirm the judgment of the district court, Alabama Civil Liberties Union v. Wallace, 331 F.Supp. 966 (M. D., Ala., 1971).