Russell L. HAYES and Geneva Cooper, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

Bill WILLIAMS, Chairman, Harris County Democratic Executive Committee, et al., Defendants.

Civ. A. No. 72–H–426.

United States District Court,
S. D. Texas,
Houston Division.

April 3, 1972.

Opinion On Motion For Reconsideration April 5, 1972.

Russell L. Hayes, pro se.

Wesley H. Hocker, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

SEALS, District Judge.

Plaintiff Russell L. Hayes is a black resident of Harris County, Texas, who here asserts his right to appear on the ballot of the May 6 primary election of the Democratic Party as a candidate for the office of Representative from State Legislative District 81, Harris County, Texas. Plaintiff Geneva Cooper is a black resident of Harris County who declares her intention to vote for plaintiff Hayes in the forthcoming primary election and maintains that defendants, by

denying to Hayes a place on the ballot, are endeavoring to prevent her voting for the candidate of her choice. Defendants are Bill Williams, Chairman of the Harris County Democratic Executive Committee; Robert Bullock, Secretary of State, State of Texas; Preston Smith, Governor of Texas; and Crawford Martin, Attorney-General of Texas.

Plaintiffs bring this cause of action both individually and as a class action on behalf of themselves and all other persons similarly situated. The Class plaintiffs claim to represent comprises all persons denied the right to stand for public office in Texas by virtue of the provisions of Article VI, Section 1 of the Texas Constitution, Vernon's Ann. and Article 5.01(4) of the Texas Election Code, V.A.T.S., which deny the right to vote to any person previously convicted of a felony.[1] Plaintiffs contend that these sections of the Texas Constitution and the Texas Election Code deprive plaintiffs and their fellow class members of rights guaranteed by the United States Constitution. Accordingly, they seek an injunction declaring these enactments void and unconstitutional, and restraining their enforcement.

The major thrust of plaintiffs' argument, however, is based, not upon the facial unconstitutionality, but upon the allegedly discriminatory application of these two provisions. Specifically, Plaintiffs complain that Defendants have permitted the names of two white convicted felons to appear on the May 6 primary election ballot, while simultaneously denying that right to Plaintiff Hayes. Plaintiffs thus seek to enjoin Defendants' employment of Article VI, Section 1 of the Texas Constitution and Article 5.01(4) of the Texas Election Code to discriminate between white and black convicted felons and, in addition, between convicted felons who attack their convictions by direct appeal and those who attack their convictions in subsequent special proceedings.

## I.

## BACKGROUND OF THE CASE

Several weeks ago, Woody R. Denson, a candidate for the position of Representative from State Legislative District 81 brought an action in the 113th District Court of Harris County to enjoin the Chairman of the Harris County Democratic Executive Committee from accepting and filing the application of Russell Hayes as a candidate for that office, and also to enjoin Hayes from seeking to have his name placed on the ballot, on the ground that Hayes, as a convicted felon, was ineligible to hold public office under the terms of the Texas Constitution and the Texas Election Code. The State court held a hearing for two

---

1. Article VI, Section 1 of the Texas Constitution reads as follows:

§ 1. Classes of persons not allowed to vote

Section 1. The following classes of persons shall not be allowed to vote in this State, to wit:

First: Persons under twenty-one (21) years of age.

Second: Idiots and lunatics.

Third: All paupers supported by any county.

Fourth: All persons convicted of any felony, subject to such exceptions as the Legislature may make.

Article 5.01 Classes of persons not qualified to vote

The following classes of persons shall not be allowed to vote in this state:

1. Persons under twenty-one years of age.

2. Idiots and lunatics.

3. All paupers supported by the county.

4. All persons convicted of any felony except those restored to full citizenship and right of suffrage or pardoned.

Article III, Section 7 of the Texas Constitution requires that a Representative be "a qualified elector of this State":

§ 7. Qualifications of Representatives

Sec. 7. No person shall be a Representative, unless he be a citizen of the United States, and, at the time of his election, a qualified elector of this State, and shall have been a resident of this State two years next preceding his election, the last year thereof a resident of the district for which he shall be chosen, and shall have attained the age of twenty-one years.

days and then granted the requested injunctive relief. Then, on March 9, 1972, Hayes removed the case to this Court, and for more than a week, no party requested the Court to take any action.

At this Court's suggestion, a hearing was held on March 17 at which the facts were stipulated, the State Court judgment admitted into evidence, and oral arguments presented. Plaintiff Denson then moved to remand the case to State Court.

In a Memorandum Opinion dated March 18, 1972, this Court granted Plaintiff's motion of remand, based on a lack of jurisdiction over the subject matter. Hayes had sought removal under 28 U.S.C. § 1443(1), which authorizes removal of cases involving threats to certain civil rights protected by federal statute. According to the ruling of the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the federal law thus invoked must be couched in terms of racial discrimination. But 42 U.S.C. § 1983, upon which Hayes based his removal, is not such a statute, and no reported case has permitted Section 1983 to support a removal. Statutes which exclude felons from public office do not, on their face, deprive persons of any constitutional right on account of their race.

Plaintiffs initiated the present action on March 30, 1972 and, at the same time, petitioned the Court for a speedy hearing pursuant to Rule 57 of the Federal Rules of Civil Procedure. A hearing was scheduled for April 4 at 2:00 P.M. The case was transferred to this Court on the afternoon of Good Friday.[2]

Plaintiffs base their claim for relief upon the provisions of 42 U.S.C. § 1983. Although, as this Court noted in its earlier opinion, § 1983 has never been held to support removal under 28 U.S.C. § 1443(1), it has been frequently employed to protect the voting rights of Negroes in original actions filed in federal court. See, e. g., Terry v. Adams, 345 U.S. 461, 73 S.Ct. 809, 97 L.Ed. 1152 (1953), reh. den., 345 U.S. 1003, 73 S.Ct. 1128, 97 L.Ed. 1408; Smith v. Allwright, 321 U.S. 649, 64 S.Ct. 757, 88 L.Ed. 987 (1944), reh. den., 322 U.S. 769, 64 S.Ct. 1052, 88 L.Ed. 1594; Lane v. Wilson, 307 U.S. 268, 59 S.Ct. 872, 83 L.Ed. 1281 (1939); Nixon v. Herndon, 273 U.S. 536, 47 S.Ct. 446, 71 L.Ed. 759 (1927). Furthermore, Section 1983 is an appropriate vehicle for maintaining the assertion that the Texas Constitution and the Texas Election Code unconstitutionally discriminate against convicted felons. See Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); Wesberry v. Sanders, 376 U.S. 1, 84 S.Ct. 526, 11 L.Ed.2d 481 (1964); Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

Plaintiffs, in their original complaint, also requested that the Court immediately notify the Chief Judge of the Court of Appeals for the Fifth Circuit of the pendency of this action, so that he may convene a three-judge court under the provisions of 28 U.S.C. § 2281 and § 2284.

## II.

### THE THREE-JUDGE COURT

It is well settled that a federal district judge, when presented with a request to seek the empanelling of a three-judge court, should first determine whether the claim is substantial. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1963).

" * * * where prior decisions make insubstantial or frivolous any claim that a state statute is on its face not unconstitutional, a three judge court is not required." Alabama Civil Liberties Union v. Wallace, 456 F.2d 1069 (C.A.5, 1972).

2. Because of the brief time remaining before the election, and the resultant urgency of a decision in this matter, the court, in order to expedite the judicial process, has decided to forego the luxury of an oral hearing and instead to render its decision in written form, as appears herein.

For reasons that will be demonstrated herein, this Court is persuaded that Plaintiffs' contentions are not sufficiently substantial to require the convening of a three-judge court.

## III.

## UNCONSTITUTIONAL APPLICATION

Plaintiffs' principal assertion is premised upon Defendants' allegedly discriminatory application of Article VI, Section 1 of the Texas Constitution and Article 5.01(4) of the Texas Election Code. Defendants, while permitting the names of two white convicted felons to appear on the May 6 primary election ballot, have denied that right to Plaintiff Hayes, a black person, for the purported reason that he is a convicted felon. Such action, Plaintiff argues, constitutes an invidious discrimination based on race.

Plaintiffs base this contention upon the recent convictions of G. F. "Gus" Mutscher and Tommy Shannon for the felony offense of conspiracy to accept a bribe. The names of Mutscher and Shannon have apparently not been stricken from the ballot of the May 6 primary election as candidates for the position of representative in Legislative districts in Washington and Tarrant Counties, respectively.

 Plaintiffs overlook a significant, and here determinative, difference between the conviction of Plaintiff Hayes and the convictions of Mutscher and Shannon. The Court takes judicial notice that Messrs. Mutscher and Shannon have each filed a notice of appeal from the district court judgment to the Texas Court of Criminal Appeals. The Court of Criminal Appeals has not, as of this date, rendered a decision on either of those appeals. Thus, no "final judgment of conviction" has yet been entered against Mutscher and Shannon and, consequently, they are not now barred from standing for public office under the terms of the Texas Constitution and the Texas Election Code.

Plaintiff Hayes, on the other hand, occupies a totally different position. He was convicted in federal district court on March 8, 1957, of preparation and submission of false income tax returns. In its recent decision regarding Hayes' right to appear on the ballot, the 133d District Court found that Hayes had taken no appeal from his 1957 conviction and that the conviction is an existing and valid final judgment.

Hayes does not dispute the finding that he failed to appeal his conviction. He argues, however, that his conviction is not yet "final," since there is currently pending in his behalf an application for relief under 28 U.S.C. § 2255, based on newly discovered evidence.[3]

 Article 5.01(4) of the Texas Election Code disqualifies from the franchise, and hence from eligibility to hold public office, "all persons convicted of any felony except those restored to full citizenship and right of suffrage or pardoned.[4] The State court found that Hayes was disqualified by virtue of a "final conviction." Hayes did not appeal this decision, but instead sought to remove the case to federal court.

Although the Court has found no decision of a Texas court which has directly confronted the issue of what constitutes a "final conviction" for purposes of attendant civil liabilities, a conviction is "final" in Texas for purposes of enhancement only after determination of the appeal. Arbuckle v. State, 132 Tex. Cr.R. 371, 105 S.W.2d 219 (1937). The really determining factor, however, should be the finding of the State trial court that Hayes is ineligible to stand for election by virtue of a "final convic-

---

3. According to Professor Wright, a § 2255 motion is probably not a proper means of relief after a defendant's sentence has been completed. But coram nobis or some other remedy may still be available.

Wright & Miller, Federal Practice and Procedure § 596, at 621–22.

4. Plaintiff Hayes has not alleged that he has at any time sought a pardon from his 1957 conviction.

tion." This ruling, coupled with Hayes' failure to appeal the decision to the appellate courts of Texas, obliges this Court to reject Plaintiffs' invitation to impose its own view upon the Texas Constitution and the Texas Election Code.

 The Court must also reject the contention that the disability applied, to convicted felons in the Texas Constitution and in the Texas Election Code disqualifies only those persons convicted in a State court. In Hughes v. State, 105 Tex.Cr.R. 57, 284 S.W. 952 (1926), a case involving disqualification of a juror on the basis of a federal conviction, the Court of Criminal Appeals held that

" * * * the fact that the conviction was in the Federal Court does not prevent it being a disqualification." *Hughes,* supra, at 952.

The Court thus finds that there exists a significant distinction between the conviction of Plaintiff Hayes, on the one hand, and the convictions of Mutscher and Shannon, on the other, quite apart from their racial differences. Hayes has been adjudged not to qualify on account of a "final judgment of conviction," from which he chose not to appeal, and which is no less "final" because Hayes is presently prosecuting a belated attack upon this conviction. Mutscher and Shannon are, at the present time, seeking relief from their convictions by direct appeal. The Court concludes that Defendants have not applied Article VI, Section 1 of the Texas Constitution, or Article 5.01(4) of the Texas Election Code in a manner that discriminates against Plaintiff Hayes on account of his race.

## IV.

### FACIAL UNCONSTITUTIONALITY

Plaintiffs' other contention focuses upon the alleged facial unconstitutionality of Article VI, Section 1 of the Texas Constitution and Article 5.01(4) of the Texas Election Code. The Interpretive Commentary to Article VI, Section 1 of the Texas Constitution explains the historical background of the provision excluding convicted felons from the franchise:

" * * * Texans were aware that the property qualifications had excluded some undesirable groups from exercising the right to vote, and without the property test, there was justification for specific disqualifications necessary for the good of the state. Therefore the constitution of the Republic stipulated that laws were to be passed excluding from the right of suffrage those who in the future were convicted of bribery, perjury, or other high crimes and misdemeanors * * * This stipulation was carried over into the Constitution of 1845 with some slight changes, the list of crimes reading: bribery, perjury, forgery, or other high crimes * * *. The same crimes appear in all subsequent constitutions until the present one in which it was limited solely to felonies.

"Strong arguments were made in all the constitutional conventions against disenfranchising men convicted of certain crimes on the basis that no man should be doubly penalized for his actions. But the argument that the polls should be guarded against unsafe elements led to the retaining of the disqualification." V.A.T.C., art. 6, § 1, at 335–36.

In 1967, the Court of Appeals for the Second Circuit upheld a New York law similar to the Texas statute. In Green v. Board of Elections of City of New York, 380 F.2d 445 (C.A.2, 1967), cert. den., 389 U.S. 1048, 88 S.Ct. 768, 19 L. Ed.2d 840 (1968)), Plaintiff Gilbert Green sought to convene a three-judge court to determine the constitutionality of a New York law denying the franchise to any person " * * * convicted of a felony in a federal court of an offense of which such court has exclusive jurisdiction * * * unless he shall have been pardoned or restored to the rights of citizenship by the president of the United States." Plaintiff attacked the statute on several grounds,

but Judge Friendly disposed of each of them and, in addition, found that the issues raised were not sufficiently substantial to require the convening of three-judge court.

In reply to Plaintiff's argument that the New York law was an unconstitutional bill of attainder, Judge Friendly cited the Supreme Court's opinion in Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), in which Chief Justice Warren stated first that

" * * * the bill of attainder clause only applies 'to statutes imposing penalties,' "

and then

" * * * used statutes depriving felons of voting rights to illustrate what was *not* a penal law." *Green,* supra, 380 F.2d at 449.

Plaintiff Green also relied upon the eighth amendment's proscription of cruel and unusual punishment to invalidate the New York election law. Even were the Court to find the disability "penal," a result which would be contrary to Trop v. Dulles, supra, it would not, according to Judge Friendly, qualify as "cruel and unusual" as that label has been frequently applied. *Green,* at 450–451.

Gilbert Green placed the greatest emphasis upon the equal protection clause of the fourteenth amendment. Although acknowledging that the Supreme Court has never faced the precise issue, Judge Friendly declared that

" * * * the propriety of excluding felons from the franchise has been so frequently recognized—indeed put forward by the Justices to illustrate what the state *may* properly do—that such expressions cannot be dismissed as unconsidered dicta." *Green,* at 451.

Judge Friendly then examined the rationale utilized to support the statute and concluded, in terms similar to those which motivated the framers of the Texas Constitution, that ample justification exists for such disabling legislation:

"A man who breaks the laws he has authorized his agent to make for his own governance could fairly have been thought to have abandoned the right to participate in further administering the compact. On a less theoretical plane, it can scarcely be deemed unreasonable for a state to decide that perpetrators of serious crimes shall not take part in electing the legislators who make the laws, the executives who enforce these, the prosecutors who must try them for further violations, or the judges who are to consider their cases. This is especially so when account is taken of the heavy incidence of recidivism and the prevalence of organized crime. * * * * A contention that the equal protection clause requires New York to allow convicted mafiosi to vote for district attorneys or judges would not only be without merit but as obviously so as anything can be." *Green,* at 451–452.

 The Court concludes that neither Article VI, Section 1 of the Texas Constitution nor Article 5.01(4) of the Texas Election Code is unconstitutional on its face. The Court concludes further that Plaintiffs' claim that these provisions are void and unconstitutional, both facially and as applied by Defendants, is so "insubstantial and frivolous" that a three-judge court is not required to determine the merits of this case. Accordingly, Plaintiffs' claim for relief is denied in its entirety and this cause of action is dismissed.

## ON MOTION FOR RECONSIDERATION

██ Plaintiff filed this motion for reconsideration at 9:45 A.M., April 5, 1972, requesting that the Court set aside its Memorandum and Order, signed at 8:00 P.M. on April 3, 1972. Apparently, Plaintiff does not quarrel with the principal conclusions of the Court's six-page opinion. Plaintiff strenuously objects, however, to the Court's failure

to hold an evidentiary hearing regarding what Plaintiff now characterizes as "the one main determinative question of: whether or not Plaintiff Hayes 'knowingly and intelligently' waived his Constitutional right to a direct appeal of his March 8, 1957, income tax conviction."

Plaintiff has raised this contention in a motion for relief under 28 U.S.C. § 2255, presently pending before Chief Judge Ben C. Connally of this District. That motion was filed on February 1, 1972. Although Plaintiff takes the Court to task for its "presumption" that he "chose not to appeal" his 1957 conviction, he fails to explain his 15-year delay in prosecuting a direct attack, by a § 2255 or other motion, upon a proceeding which he deems constitutionally inadequate.

If Plaintiff himself has been content to allow that conviction to remain so long unchallenged, whether by strategy, oversight or indifference, equity can hardly require the State of Texas or the Harris County Democratic Executive Committee to halt the massive machinery of a primary election scarcely a month before its scheduled occurrence, so that the federal courts can leisurely examine Plaintiff's tardy contentions. But even if he is not barred by laches from raising the constitutional issue, the pendency of Plaintiff's prior § 2255 motion before another judge of this District suggests the wisdom of restraint. To yield to Plaintiff's demand for a hearing would require this Court to adjudicate the merits of Plaintiff's constitutional claim, and thereby upstage Judge Connally's subsequent decision. Furthermore, such an unprecedented act of judicial high handedness would preempt by collateral attack a different Court's determination of an issue presented there by direct attack.

Thus, having given thoughtful consideration to Plaintiff's motion for reconsideration, the Court is of the opinion that it is totally devoid of merit and, for such reason, must be, and it is hereby, denied.