**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Claire LOBER et al.,
Defendants–Appellants.**

**No. 80–1034
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1980.

---

Q: Well–

R. vol. 3, pp. 173–78.

McGlinchey, Stafford & Mintz, James M. Tompkins, New Orleans, La., Eastham, Watson, Dale & Forney, John P. Forney, Jr., Houston, Tex., for defendants–appellants.

C. Joanne Whitt, Constance Y. Singleton, Asst. U. S. Attys., Houston, Tex., for plaintiff–appellee.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

This is an appeal from a successful action brought by the Government in the district court to enforce three administrative subpoenas. The subpoenas were issued by the Coast Guard in connection with a collision between the M/V STATE WAVE and an offshore oil platform in the Gulf of Mexico. We affirm the district court's enforcement of the subpoenas.

On July 13, 1978 the M/V STATE WAVE collided with an offshore oil platform in the Gulf of Mexico. The M/V STATE WAVE was owned by National Offshore Corporation and under bareboat charter to Hyco Sub–Sea, Inc. Hyco Sub–Sea contracted with State Boat Corporation to operate the vessel for a daily operating fee. Within two weeks of the collision, the Coast Guard issued subpoenas to the individual appellants in this case: Robert T. Lober, Dave S. Miller, and Claire Lober. These individuals are officers of the corporate appellants in this case. Robert T. Lober is president of National Offshore Corporation and National Boat Corporation; Dave S. Miller is vice president of National Offshore Corporation and National Boat Corporation; and Claire Lober is president and treasurer of State Boat Corporation.

The purpose of the Coast Guard investigation was to determine the cause of the accident and whether there was any evidence of misconduct or willful violation of the law by any licensed officer or the owner or agent of the M/V STATE WAVE.

The Coast Guard issued the subpoenas to "unravel the complex corporate and management scheme involving the use of the M/V STATE WAVE" and to determine whether the M/V STATE WAVE was being operated in violation of 46 U.S.C. § 404 by carrying passengers or freight for hire without a valid Certificate of Inspection. The appellants make two objections to the subpoenas. First, appellants argue that the Coast Guard has no authority to investigate possible violations of Title 52 of the Revised Statutes, which includes 46 U.S.C. § 404, when there are no licensed officers or holders of Certificates of Service involved in the investigation. Second, appellants urge that the investigating officer failed to satisfy the requirements of due process in his investigation.

Under 46 U.S.C. § 239(d) (1958)

All acts in violation of any of the provisions of title 52 of the Revised Statutes or of any of the regulations issued thereunder, whether or not committed in connection with any marine casualty or accident, and all acts of incompetency or misconduct, whether or not committed in connection with any marine casualty or accident, committed by any licensed officer acting under authority of his license ... and all marine casualties and accidents and the attendant circumstances shall be immediately investigated as provided in subsections (a) and (b) of this section.

46 U.S.C. § 239(b) (1958) provides that The Commandant of the Coast Guard shall establish rules and regulations for the investigation of marine casualties and accidents not involving loss of life, any act in violation of any of the provisions of title 52 of the Revised Statutes or of any of the regulations issued thereunder, and all cases of acts of incompetency or misconduct committed by any licensed officer or holder of a certificate of service . . . .

Reading Sections 239(b) and (d) together, appellants' contention that the Coast Guard is without authority to investigate violations of Title 52 when a licensed officer is not involved is untenable. Such a construction would enable an owner of a vessel to escape the provisions of 46 U.S.C. § 404, which requires the inspection of certain vessels and requires those vessels to be navigated by licensed officers. An owner, under appellants' interpretation, could avoid inspection of his vessel by the Coast Guard. Furthermore, he could circumvent the requirement of employing licensed officers to navigate the vessel. When the Coast Guard investigated, the owner could then assert that the Coast Guard lacked authority because no licensed officer was involved. We cannot accept this construction, because it clearly would frustrate the purposes of the inspection and licensing provisions. Accordingly, appellants' first challenge to the subpoenas is rejected.

Appellants also contend that even assuming the Coast Guard subpoenas were statutorily authorized, the hearing failed to satisfy due process because: (1) appellants did not receive "reasonable notice" of the subject of the investigation; (2) Hyco and National Boat were not initially named as parties in interest; (3) National Offshore was not initially represented; and (4) a witness, Cliff Drown, was not advised of his right to counsel. Appellants also submit that the investigating officer "changed his theory in midstream when he began to ask questions of Mr. Drown" concerning possible violations of Section 404.[1]

In an administrative proceeding, proof of a denial of due process requires a

---

1. The applicable statute and regulations are: 46 U.S.C. § 239(g):

In any investigation of acts of incompetency or misconduct or of any act in violation of the provisions of title 52 of the Revised Statutes or of any of the regulations issued thereunder, committed by any licensed officer or any holder of a certificate of service, the person whose conduct is under investigation shall be given reasonable notice of the time, place, and subject of such investigation and an opportunity to be heard in his own defense. 46 C.F.R. § 4.07–7:

The investigating officer or the Chairman of a Marine Board of Investigation shall open the investigation by announcing the statutory authority for the proceeding and he shall advise parties in interest concerning their rights to be represented by counsel, to exam-

showing of substantial prejudice. *See generally Arthur Murray Studio of Washington, Inc. v. F.T.C.*, 458 F.2d 622, 624 (5th Cir.1972). At the beginning of each hearing, Lt. McDaniel, the investigating officer, announced the statutory authority for the investigation, defined and named the parties in interest, apprised them of their rights, including the right to counsel, and stated the subject and purpose of the investigation. Each of the subpoenas also stated the matter under investigation, the statutory authority for the investigation, and the time and place of the hearing. As soon as was warranted by the evidence presented, the investigating officer apprised the parties that possible violations of Title 52 also were under investigation. Similarly, National Boat was named a party in interest as soon as its connection to the M/V STATE WAVE was established. Appellants have no standing to assert the rights of Hyco Sub–Sea, the bareboat charterer. Cliff Drown, vice president of State Boat, represented to the investigating officer that he was also representing National Offshore at their request. At the third hearing, the investigating officer informed the representatives for Hyco and National Offshore that he would make available transcripts of the prior hearings. Under these facts, no substantial prejudice accrued to appellants. The hearing, therefore, satisfied due process.

AFFIRMED.

ine and cross examine witnesses, and to call witnesses in their own behalf.

46 C.F.R. § 4.07-35:
(a) All parties in interest shall be allowed to be represented by counsel, to examine and cross-examine witnesses and to call witnesses in their own behalf.
(b) Witnesses who are not parties in interest may be assisted by counsel for the purpose of advising such witnesses concerning their rights; however, such counsel will not be permitted to examine or cross–examine other witnesses or otherwise participate in the investigation.

And, 46 C.F.R. § 4.03-10:
The term "party in interest" shall mean any person whom the Marine Board of Investigation or the investigating officer shall find to have a direct interest in the investigation conducted by it and shall include an owner, a charterer, or the agent of such owner or charterer of the vessel or vessels involved in the marine casualty or accident, and all licensed or certificated personnel whose conduct, whether or not involved in a marine casualty or accident is under investigation by the Board or investigating officer.