

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
,uston, TX. 77002-3111
/13/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 31, 1984

Honorable El France Lee
Chairman
Committee on Elections
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-202

Re:  Construction of House Bill
No.  718 which amends article
5.01 of the Election Code

Dear Representative Lee:

You request an interpretation of House Bill No. 718 of the Sixty-eighth Legislature which amended article 5.01 of the Election Code to read in pertinent part:

> The following classes of persons shall not be allowed to vote in this state:
>
> . . . .
>
> 3.  Persons while incarcerated, on parole, mandatory supervision, or probation as a result of a felony conviction.
>
> 4.  Persons who have been convicted of a felony, for a period ending on the fifth anniversary of the date on which the person:
>
> (A)  <u>received a certificate of discharge by the Board of Pardons and Paroles</u>; or
>
> (B)  completed a period of probation ordered by a court.  (Emphasis added).

Article VI, section 1 of the Texas Constitution disqualifies all felons from voting, subject to exceptions made by the legislature.

You seek an interpretation of the underlined language. You ask whether a certificate of discharge issued by the Texas Department of Corrections for persons sentenced prior to August 29, 1977 is the legal equivalent of discharge from the Board of Pardons and Paroles.

Article 6166z1, V.T.C.S., provides in part:

> When a convict is entitled to a discharge from the State penitentiary . . . the Director of the Department of Corrections or his Executive Assistant shall prepare and deliver to him a written discharge. . . .

Article 42.12 of the Code of Criminal Procedure provides in sections 23 and 24:

> Sec. 23.
>
> . . . .
>
> When any paroled prisoner has fulfilled the obligations of his parole and has served out his term as conditioned in the preceding paragraph, the Board shall make a final order of discharge and issue to the parolee a certificate of such discharge.
>
> Sec. 24. When any prisoner who has been paroled or released to mandatory supervision has complied with the rules and conditions governing his release until the end of the term to which he was sentenced, and without a revocation of his parole or mandatory supervision, the Board shall make a final order of discharge and issue the prisoner a certificate of discharge.

Prior to August 29, 1977, article 42.12 did not provide for mandatory supervision. This procedure was added by a 1977 amendment. Acts 1977, 65th Leg., ch. 347, §2, at 925. A prisoner under mandatory supervision, like a parolee, is released from imprisonment, but not from the legal custody of the state, for rehabilitation outside the prison walls. Code Crim. Proc. art. 42.12, §2c, d. The eligibility requirements are different for each form of supervision. Moreover, parole is not automatically granted to eligible prisoners; it is discretionary with the Board of Pardons and Paroles subject to statutory guidelines. Id. §15 (e-1).

In contrast, a prisoner not on parole "shall be released to mandatory supervision" by the board when his actual time served plus good conduct time equal the maximum sentence. Id. §15(c). See V.T.C.S. art. 6181-1 (accrual of good conduct time). The good conduct time law existing before August 29, 1977, actually commuted the sentence so that the prisoner was discharged from the Department of Corrections when good conduct time plus time served equaled the term of the sentence. See Acts 1927, 40th Leg., ch. 212, §23 (former V.T.C.S. art. 6166v); Acts 1943, 48th Leg., ch. 361, at 635 (former V.T.C.S. art. 61841). The 1977 amendment to article 42.12 also

repealed the former good conduct time statutes. Acts 1977, 65th Leg., ch. 347, §6, at 933.

The 1977 amendment to article 42.12 provides in section 7 that

> [t]his Act applies only to inmates sentenced to the Texas Department of Corrections for an offense committed on or after the effective date of this Act.

If the mandatory supervision law were imposed on a prisoner who committed his crime before the August 29, 1977 effective date, he would remain under state supervision at a time when prior law required his discharge from his sentence. Section 7 prevents the unconstitutional imposition on an offender of a punishment which did not exist when he committed the crime. See Tex. Const. art. I, §16 (ex post facto law).

Thus, someone sentenced for an offense committed prior to August 29, 1977 and not paroled has received or will receive a discharge only from the Department of Corrections. Persons sentenced for offenses committed after August 29, 1977 and subsequently placed on mandatory supervision were or will be discharged by the Board of Pardons and Paroles. Persons paroled at any time receive their certificate of discharge from the Board of Pardons and Paroles. The board informs us that the Department of Corrections issues a discharge certificate for every person who completes his sentence, and the board performs its duty to issue a discharge certificate by stamping the department's certificate.

Your question about the "legal equivalent" of a certificate from the Board of Pardons and Paroles raises the issue of the class of persons enfranchised by article 5.01. Does article 5.01 now enfranchise all convicted felons five years after completing their sentences or does it exclude any felon who could not be discharged by the Board of Pardons and Paroles because he was not paroled and not subject to mandatory supervision? You in effect ask whether section 4 of article 5.01 should be read as follows:

> 4. Persons who have been convicted of a felony, for a period ending on the fifth anniversary of the date on which the person:
>
> (A) received a certificate of discharge by the Board of Pardons and Paroles [or the equivalent of such a certificate of discharge]. . . .

Support for the view that felons discharged by the Department of Corrections are reenfranchised on the fifth anniversary of that date is to be found in the legislative history of House Bill No. 718. As first introduced it did not include a section 4, but only section 3,

repealed the former good conduct time statutes. Acts 1977, 65th Leg., ch. 347, §6, at 933.

The 1977 amendment to article 42.12 provides in section 7 that

> [t]his Act applies only to inmates sentenced to the Texas Department of Corrections for an offense committed on or after the effective date of this Act.

If the mandatory supervision law were imposed on a prisoner who committed his crime before the August 29, 1977 effective date, he would remain under state supervision at a time when prior law required his discharge from his sentence. Section 7 prevents the unconstitutional imposition on an offender of a punishment which did not exist when he committed the crime. See Tex. Const. art. I, §16 (ex post facto law).

Thus, someone sentenced for an offense committed prior to August 29, 1977 and not paroled has received or will receive a discharge only from the Department of Corrections. Persons sentenced for offenses committed after August 29, 1977 and subsequently placed on mandatory supervision were or will be discharged by the Board of Pardons and Paroles. Persons paroled at any time receive their certificate of discharge from the Board of Pardons and Paroles. The board informs us that the Department of Corrections issues a discharge certificate for every person who completes his sentence, and the board performs its duty to issue a discharge certificate by stamping the department's certificate.

Your question about the "legal equivalent" of a certificate from the Board of Pardons and Paroles raises the issue of the class of persons enfranchised by article 5.01. Does article 5.01 now enfranchise all convicted felons five years after completing their sentences or does it exclude any felon who could not be discharged by the Board of Pardons and Paroles because he was not paroled and not subject to mandatory supervision? You in effect ask whether section 4 of article 5.01 should be read as follows:

> 4. Persons who have been convicted of a felony, for a period ending on the fifth anniversary of the date on which the person:
>
> (A) received a certificate of discharge by the Board of Pardons and Paroles [or the equivalent of such a certificate of discharge]. . . .

Support for the view that felons discharged by the Department of Corrections are reenfranchised on the fifth anniversary of that date is to be found in the legislative history of House Bill No. 718. As first introduced it did not include a section 4, but only section 3,

rational basis. The only distinction between the groups is "wholly arbitrary" -- a difference in the official ministerial act granting discharge. There is no constitutionally justifiable basis for granting or withdrawing the franchise on this purely insubstantial difference. Thus, the statute must be construed to omit this difference if it is to be saved from invalidity.

You also ask whether a certificate of discharge from other institutions such as a federal or sister state prison or parole board is the legal equivalent of a certificate of discharge from the Board of Pardons and Paroles. Generally, courts have said that statutes regulating the right to vote should be liberally interpreted in favor of that right. Thomas v. Groebl, 212 S.W.2d 625 (Tex. 1948); Walker v. Thetford, 418 S.W.2d 276 (Tex. Civ. App. - Austin 1967, writ ref'd n.r.e.); Wooley v. Sterrett, 387 S.W.2d 734 (Tex. Civ. App. - Dallas 1965, no writ); Mitchell v. Jones, 361 S.W.2d 224 (Tex. Civ. App. - Texarkana 1962, no writ). Moreover, relevant cases have concluded that the Texas law barring convicted felons from voting applies to persons convicted in federal as well as state court. Shepherd v. Trevino, supra. See also Hayes v. Williams, 341 F. Supp. 182 (S.D. Tex. 1972); Attorney General Opinion V-278 (1947) (prohibition against convicted felons voting applies to persons convicted in federal court). See also Hughes v. State, 284 S.W. 952 (Tex. Crim. App. 1926) (person convicted of felony in federal court disqualified from jury service). Hence, we conclude that felons discharged by either a federal or a sister state's correctional institution or parole board, as well as by the Texas Department of Corrections, are reenfranchised five years after that event. To conclude otherwise could subject the Act to possible invalidation under the Equal Protection Clause of the United States Constitution.

## S U M M A R Y

House Bill No. 718 of the Sixty-eighth Legislature, codified as article 5.01 of the Election Code, restores the vote to persons convicted of a felony on the fifth anniversary of their discharge by the Texas Department of Corrections or by a federal or sister state prison or parole board, just like those discharged by the Texas Board of Pardons and Paroles.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl