Emmett SPOONER

v.

WEST BATON ROUGE PARISH
SCHOOL BOARD, et al.

Civ. A. No. 86–51–B.

United States District Court,
M.D. Louisiana.

March 29, 1989.

---

12. 2A C.J.S. Agency §§ 161–163 (1972).

**706**

Milton Osborne, Jr., Baton Rouge, La., for Spooner.

Pamela J. Crawford, Kean, Miller, Hawthorne, D'Armo, McCowan & Jarman, Baton Rouge, La., for Gauthe and Bergeron.

Roy A. Mongrue, Jr., Asst. Atty. Gen., La. Dept. of Justice, Baton Rouge, La., for Guste.

T. Barry Wilkinson, Asst. Dist. Atty., Port Allen, La., L. Adreinne Duport, for other defendants.

## OPINION

POLOZOLA, District Judge.

Emmett Spooner was elected to the West Baton Rouge Parish School Board on November 6, 1984 and assumed the duties of that office in early 1985. On August 15, 1984, Spooner was convicted of forgery, a felony under Louisiana law.[1] He was sentenced to six months in the West Baton Rouge Parish Jail and placed on probation for a period of three years. Spooner was convicted of attempted forgery on September 27, 1985.

During the October 16, 1985 meeting of the West Baton Rouge Parish School Board, Spooner was informed by the president of the Board that Spooner was suspended as a member of the School Board under the provisions of Act 994 of the 1985 Regular Session of the Louisiana Legislature, La.R.S. 42:1411,[2] because of his two felony convictions. Thereafter, the Board

---

1. La.Rev.Stat.Ann. § 14:72 (West 1986).

2. 1985 La. Acts 994 amended La.Rev.Stat.Ann. § 42:1411 to read as follows:

    A. A public officer shall be removed from office for conviction, during his term of office, of a felony.

    B. The conviction for a felony of a public offer shall automatically suspend that individual from his public office without compensation. The suspension from public office without compensation shall continue until the conviction is final and all appellate review of the original trial court proceedings is exhausted. During the period of suspension, the public official shall not perform any official act, duty, or function nor shall he receive any compensation, pay, allowance, emolument, or privilege of his office. If the conviction is reversed on appeal, the public official shall be entitled to and shall receive full back pay with legal interest thereon from the date of suspension, compensation, and all rights, duties, powers, allowances, emoluments, and privileges of office to which would have been titled had he not been suspended.

    C. During this period of suspension, another person shall be appointed to perform the official acts, duties and functions of that office during the period of suspension. Any person appointed to perform these official acts, duties, and functions shall serve in his appointed capacity until the conviction of the public official is reversed on appeal or until expiration of the term of office of the suspended public official, whichever occurs first. Every person appointed under the provisions of this Section shall receive the same pay, compensation, allowances, emoluments, and privileges of the office to which he is appointed as the suspended public official received prior to his suspension.

    D. No person appointed under the provisions of this Section shall be eligible in the next election as a candidate for the office to which he is appointed.

    E. Except as provided in this Subsection, if any public official except the governor or lieutenant governor is suspended under the provisions of this Section, the governor shall appoint another person to perform the official acts, duties and functions of that office during the period of suspension. If the public official suspended under the provisions of this Section is a statewide elected official, other than the governor or lieutenant governor, the first assistant appointed under the provisions of Art. IV, Section 13 of the Constitution of Louisiana shall serve in the position during the period of suspension. Notwithstanding any provision to the contrary in this Section, if the public official suspended is a member of the legislature, no other person shall be

appointed Joseph Anderson to replace Spooner pending exhaustion of Spooner's appeals of his criminal convictions. On September 27, 1986, plaintiff was reelected to the School Board for a term commencing January 1, 1987. On December 19, 1986, the West Baton Rouge Parish District Attorney sent a letter to plaintiff advising him that the School Board would continue its suspension into plaintiff's new term in office under Act 994.

Spooner filed suit in this Court for damages, attorney's fees, and an injunction against the enforcement of Act 994.[3]

Plaintiff alleges that Act 994 violates provisions of the Louisiana Constitution and the United States Constitution, specifically those provisions concerning voting rights, bills of attainder, due process, and equal protection of the laws. A special three-judge court was appointed to consider

---

appointed under the provisions of this Section to perform any official act, duty, or function of the suspended legislator. If the public official is a member of a parish or municipal governing authority, or combination thereof, or a mayor or any other local or municipal office, except as provided in this Subsection, the governing authority of the local governmental subdivision where the vacancy occurs shall appoint a person to perform the official acts, duties and functions of the person suspended. If the official suspended is a member of a city or parish school board, the remaining members of the school board shall appoint the person to perform the official acts, duties and functions of the person suspended. If the person suspended is a district attorney, clerk of a district court, coroner, sheriff, or tax assessor, then his first assistant or deputy shall perform his official acts, duties and functions as provided in R.S. 18:602(C).

F. Any person appointed to perform the official acts, duties and functions of a public official suspended under the provisions of this Section shall have the same qualifications required by law to hold the office as the public official under suspension and he shall post any bond as may be required by law for that office.

G. For purposes of this Chapter, the term "felony" includes both a felony under the laws of this state and a felony under the laws of the United States. For purposes of this Chapter, the term "public officer" means any person holding a public office, whether state, district, parochial, ward, or municipal, whether the person is elected or appointed except judges of the courts of record.

La.Rev.Stat.Ann. § 42:1412 (West Supp.1989) reads:

A. For conviction of a felony any public officer shall be removed by judgment of the district court of the district in which he is domiciled. The district attorney of that judicial district shall institute the suit within ten days after the conviction is final and all appellate review of the original trial court proceedings is exhausted. Suits against the attorney general shall be brought in the Nineteenth Judicial District by the district attorney of that district, and suits against a district attorney shall be brought by the attorney general.

B. An action instituted pursuant to R.S. 42:1411 and R.S. 42:1412 is civil in nature; shall be prosecuted in accordance with the provisions of the Louisiana Code of Civil Procedure except as otherwise provided in this Section; and shall be tried by preference over all other matters in a summary proceeding.

C. A hearing on the petition for removal shall be held not more than twenty days after service upon the public officer whose removal is sought. Judgment shall be rendered in the matter within ten days after the removal hearing. Within five days after the signing of the judgment, either party may appeal suspensively by obtaining an order of appeal and posting bond for a sum fixed by the court to secure the payment of costs. The trial judge shall fix the return day at a time not to exceed five days after the granting of the order of appeal. An application to the supreme court for a writ of certiorari may be made only within three days after the signing of judgment by the court of appeal. Each appellate court to which the action is brought shall place the matter on its preferential docket, shall hear it without delay, and shall render a decision within ten days after oral argument. The granting of an order of appeal or writ of certiorari suspends the effect of the judgment during the pendency of such proceedings.

D. Notwithstanding any law to the contrary, an appeal of a felony conviction in a state court of a public officer shall be given preference over other criminal appeals.

3. Named as defendants in the suit were West Baton Rouge Parish School Board; Lucius J. Treuil, Sr., Lytle J. Chustz, Charles K. Marionneaux, Atley D. Walker, Kirby J. Thibodeaux, C.A. Altazan, Jr., Paul C. Pattan, Sr., Wilfred C. Leininger and Michael A. Maranto, individually and in their capacities as members of the West Baton Rouge Parish School Board; Honorable Edwin W. Edwards, Governor of the State of Louisiana, in his official capacity; Honorable William Guste, Attorney General for the State of Louisiana, in his official capacity; Gerald Gauthe, individually and in his capacity as Police Chief for the City of Port Allen, Louisiana; J.A. "Butch" Bergeron, individually and in his capacity as Assistant Police Chief for the City of Port Allen; and Clifford Anderson.

plaintiff's voting rights claims. The three-judge court dismissed plaintiff's claim that the defendants violated the provisions of Section 5 of the Voting Rights Act of 1964 when it suspended plaintiff under Act 994. After issuing its ruling, the three-judge court disbanded and the remaining claims were transferred to a single judge for decision.

Thereafter, the Court granted the motion of the defendants, Gauthe and Bergeron for summary judgment. The School Board and its individual members have now filed a motion for summary judgment. For reasons which follow, the Court finds that this motion should be granted.

## I. Introduction

Act 994 of the 1985 Regular Session of the Louisiana Legislature was signed by the Governor on July 23, 1985 and became effective on September 6, 1985. Act 994 requires that a public official who is convicted of a felony during his term of office be suspended without compensation from the date of conviction until the appeals have been exhausted. The Act also provides for the appointment of a replacement for the suspended official during the time the appeals are pending. Should the suspended elected official's conviction be reversed, he is reinstated with back pay. If the conviction is affirmed, the official is permanently removed from office.

## II. State Law Claims

■ Plaintiff alleges that the suspension and removal provisions of Act 994 violate the separation of powers mandate of the Louisiana Constitution of 1974. However, the Louisiana First Circuit Court of Appeal has recently held in a suit filed by Spooner that Act 994 does not violate the Louisiana Constitution, noting that the constitution "expressly gives the legislature permission to enact general laws for the removal by suit of public officials...."[4] This Court agrees with the Louisiana state courts that Act 994 does not violate the Louisiana Constitution of 1974 for reasons set forth by the Louisiana First Circuit Court of Appeal in its opinion.

## III. Federal Claims

### A. Bill of attainder

■ Plaintiff contends that Act 994 is a bill of attainder, and as such violates Article I, Section 10 of the U.S. Constitution.[5] The Supreme Court has defined a bill of attainder as a "legislative act which inflicts punishment without a judicial trial."[6] Under Act 994, an official may be suspended but not removed without a trial. However, Act 994 is not a bill of attainder because it is not penal in nature. Its purpose is not so much to punish the criminal as it is to protect the integrity of the political process. In *Trop v. Dulles*,[7] the Supreme Court stated in a plurality opinion that "because the purpose of [a statute denying the franchise to convicted felons] is to designate a reasonable ground of eligibility for voting, [the] law is sustained as a nonpenal exercise of the power to regulate the franchise."[8] Similarly, this Court holds that a statute suspending the right of a convicted felon to hold public office pending a final decision of his conviction is not a bill of attainder.

### B. Due process

The Fifth Circuit set forth the test for due process in *Williams v. Taylor*,[9]

Due process "is not a technical conception with a fixed content unrelated to time, place, and circumstances. *Math-*

4. *Spooner v. West Baton Rouge Parish School Bd.*, 526 So.2d 851, 853 (La.App. 1st Cir.), *writ denied*, 531 So.2d 479 (La.1988).

5. U.S. Const. art. I, § 10, cl. 1 provides: "No State shall ... pass any Bill of Attainder...."

6. *United States v. Lovett*, 328 U.S. 303, 315, 66 S.Ct. 1073, 1078, 90 L.Ed. 1252 (1946).

7. 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958).

8. *Id.* at 96–97, 78 S.Ct. at 596, 2 L.Ed.2d at 640. *See also Green v. Board of Elections*, 380 F.2d 445, 449 (2d Cir.1967), *cert. denied*, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968); *Hayes v. Williams*, 341 F.Supp. 182, 189 (S.D.Tex. 1972).

9. 677 F.2d 510 (5th Cir.1982).

*ews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). It calls for "such procedural protections as the particular situation demands." *Id.* Under *Mathews v. Eldridge,* due process depends on three factors: first, the private interests involved; second, the risk of erroneous deprivation of these interests through the procedures used, and the probable value of additional procedures; and third, the government's interest, including the fiscal and administrative burden that additional procedures would entail. 424 U.S. at 335, 96 S.Ct. at 903; *Central Freight Lines, Inc. v. United States,* 669 F.2d 1063, 1068 (5th Cir.1982). Furthermore, proof of a denial of due process may require a showing of substantial prejudice. *E.g., United States v. Lober,* 630 F.2d 335, 337 (5th Cir.1980).[10]

■ Plaintiff's interest in holding public office is not a fundamental right.[11] Therefore, the denial of that right to felons must bear only a rational relation to a legitimate state interest. This Court holds that there is a legitimate state interest in suspending public officials who have been convicted of a felony from holding office while the felony conviction is being appealed. The state's interest in protecting the integrity of the political process cannot be questioned under the facts of this case. The procedure which the state uses protects both the public and the elected official.

■ Upon conviction of a felony, the official is automatically suspended from office pending exhaustion of appellate review of the felony conviction. Within ten days after the conviction is final, the district attorney institutes suit in state district court to permanently remove the official from office. A hearing is held within twenty days after the official is served, and judgment is rendered within ten days after the hearing. The statute also provides a procedure for appellate review. If the conviction is reversed, the suspended official is allowed to resume his position with back pay.

This Court holds that the above statutory procedure is adequate to ensure a fair determination of whether an officer should be removed from office. Furthermore, Spooner has made no showing that the procedure was not followed in his case. It is clear that Spooner is a convicted felon and should have been suspended pending his appeal. The Court finds that Act 994 more than complies with due process requirements.

## C. Equal protection

■ Plaintiff also asserts that Act 994 is a denial of equal protection of the law. There is no evidence that the statute has been applied in such a way as to discriminate against any suspect class. Convicted felons do not constitute a suspect class.[12] Furthermore, the right to hold public office is not a fundamental right.[13] A statute is constitutional if it bears a rational relation to achieving a legitimate state interest. As was noted above, Act 994 does further the interest of protecting the integrity of Louisiana's political process and its desire to either suspend or remove from office those public officials who are convicted of a felony. Therefore, this Court concludes that Act 994 does not violate the Constitution's guarantee of equal protection.

Therefore:

IT IS ORDERED that defendants' motion for summary judgment be and is hereby GRANTED.

Plaintiff's suit is dismissed with prejudice.

---

**10.** *Id.* at 514.

**11.** *Deibler v. City of Rehoboth Beach,* 790 F.2d 328, 334 (3d Cir.1986).

**12.** *Upshaw v. McNamara,* 435 F.2d 1188, 1190 (1st Cir.1970).

**13.** *See supra* note 11.