**Royce Kress PELHAM, a/k/a Pete Pelham, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–81–0211–CR.**

Court of Appeals of Texas, Amarillo.

Aug. 4, 1983.

Rehearing Denied Aug. 24, 1983.

Petition for Discretionary Review Refused Jan. 18, 1984.

John J.C. O'Shea, O'Shea, Hall & Hart, P.C. Lubbock, for appellant.

John T. Montford, Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

REYNOLDS, Chief Justice.

Following trial by jury, appellant Royce Kress Pelham, a/k/a Pete Pelham, was convicted of the offense of rape of a child, his eleven-year-old daughter, for which the jury assessed punishment at confinement for seven (7) years. Concluding that appellant has not demonstrated reversible error under his six grounds of error, none of which contains a challenge to the sufficiency of the evidence to sustain the conviction, we affirm the judgment without summarizing the evidence of the crime except where appropriate to the discussion of the grounds of error.

By his initial ground of error, appellant complains that the trial court erred in admitting the testimony of Vaneva Chandler relating to a conversation she had with the prosecutrix two weeks after the offense. He contends that such testimony was inadmissible hearsay. We disagree.

Vaneva Chandler, mother of the prosecutrix, was asked by the prosecutor:

All right. Vaneva, I neglected to ask you one question, and I apologize, it was my fault. You had told the jury that on or about March 7, 1980, you had a conversation with your daughter; without going into the details of what was said, I want to basically ask you, if you would tell the jury the subject matter, the basic subject matter, of that conversation between you and ..., the complaining witness in this case, on that date, March 7, 1980?

Mrs. Chandler answered:

It was about the sex she had had with her father.

The record reveals that the conversation occurred some fourteen days after the offense alleged, and that the State did not offer the statement as proof of the matter

asserted therein, but only to show that the prosecutrix informed a person of the alleged offense, or made outcry, pursuant to Article 38.07 of the Texas Code of Criminal Procedure Annotated (Vernon 1975). Article 38.07 provides, in pertinent part, that

A conviction under Chapter 21, Penal Code, is supportable on the uncorroborated testimony of the victim of the sexual offense *if the victim informed any person,* other than the defendant, *of the alleged offense within six months* after the date on which the offense is alleged to have occurred (emphasis supplied).

The testimony of Vaneva Chandler merely shows that the prosecutrix "informed" her that the incident occurred, not that the contents of the statement were true. It is well settled that statements offered for the purpose of showing what was said, and not for the truth of the matter stated, do not constitute hearsay. *Nixon v. State,* 587 S.W.2d 709, 711 (Tex.Cr.App.1979). The first ground of error is overruled.

The State introduced evidence of four acts of fondling or sexual intercourse between the prosecutrix and appellant, her natural father. Appellant asserts, in grounds of error two and three, that the trial court erred in admitting this evidence of extraneous offenses committed by him upon the prosecutrix, and in not granting his motion for a continuance based on surprise at the admission of the evidence. His assertions are founded on cases which, speaking to the admissibility of extraneous offenses in trials other than for the rape of a child, espouse the general rule that an accused is entitled to be tried on the State's pleadings and not for some collateral crime or for being a criminal generally. *See, e.g., Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972).

■ However, in *Williams v. State,* 490 S.W.2d 604 (Tex.Cr.App.1973), it is made clear that another distinct and independent rule is applicable in cases involving abnormal sexual conduct by a father, or one in a position of locus parenti, toward a young daughter. *Johns v. State,* 155 Tex.Cr.R. 503, 236 S.W.2d 820 (1951), sets out the general rule for admission of evidence of extraneous offenses in statutory rape cases, holding that

in trials of an accused for rape under the age of consent and if material in determining the truth or falsity of the accusations, there can be taken into consideration the associations between the parties and their evident regard each for the other as evidencing the probability of the charged act and the unnaturalness of the accused's attitude toward the victim of his lust, even in the presence of other acts of like character to the one on which the prosecution is based.

*Id.* 236 S.W.2d at 823. Conformably, *Martin v. State,* 400 S.W.2d 919, 921 (Tex.Cr.App.1966), holds that "both prior and subsequent acts of fondling and intercourse may be introduced in a statutory case." It follows that the court did not err in admitting the evidence.

Still, appellant claims that he was surprised at trial by, and was entitled to a continuance upon, the State's offer to elicit from the prosecutrix testimony of the extraneous offenses. Appellant asked

for a reasonable delay, at least 24 hours, if this evidence comes in, so that we might be able to go out and secure and obtain some testimony as to where he was or how he was, if this be the case

. . . .

His request had validity only if

it is made to appear to the satisfaction of the court that by some unexpected occurrence since trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had.

Tex.Code Crim.Pro.Ann. art. 29.13 (Vernon 1965). In this regard, the motion was addressed to the sound discretion of the court, *Cooper v. State,* 509 S.W.2d 565, 567 (Tex.Cr.App.1974), and there was no error in its denial unless there is a showing of abuse of discretion. *Ford v. State,* 502 S.W.2d 160, 161 (Tex.Cr.App.1973).

■ When the court was called upon to pass on the motion, the record had revealed

that appellant's counsel had been furnished the testimony, in the form of affidavits by the prosecutrix, on the morning of the preceding day, and had used those affidavits in his cross-examination of witnesses. Obviously, then, the offer of testimony was not an unexpected occurrence, but reasonably could have been anticipated. Therefore, the court did not abuse its discretion in denying a continuance, *Ford v. State, supra,* particularly since appellant and his counsel were aware of the testimony, *Henriksen v. State,* 500 S.W.2d 491, 496 (Tex.Cr.App. 1973), and there was no expressed expectation that the continuance requested would enable contrary evidence to be produced. *Cooper v. State, supra,* at 567–68. Grounds two and three are overruled.

By his fourth ground of error, appellant contends that the court erred in refusing to include in the jury charge an instruction on the affirmative defense of impossibility. We are not persuaded that he was entitled to the instruction.

The prosecutrix testified that appellant sat her on the corner of a table with her legs straddling the corner. Then, while he was standing on the floor, appellant effected penetration, which continued as he afterwards got on top of her.

But appellant claims that the prosecutrix's testimony of the manner in his picking her up under the arms and setting her on the corner of the drapery table was an impossible occurrence, because he testified he had a bad back which made it medically impossible for him to lift the prosecutrix, who weighed approximately 100 pounds. Further, he emphasizes other evidence. His wife testified that the table upon which the alleged act occurred was about waist high to appellant and was higher than his genital area. Pictures admitted into evidence show appellant standing next to the table and illustrate that the table was above his waist line. Another witness gave testimony that he had measured the table and it was 38½" from the floor to the top of the table. Appellant's wife said she measured the distance from the top part of his unerected penis to the floor and the measurement was

36", some two and one-half inches less than the height of the table. No other measurement was placed in evidence. Doctor Pietela testified that if a female was sitting on a table with her legs straddling the corner, as prosecutrix testified, the entrance of the vagina would be angled down towards the surface of the table and penetration from that position would be extremely difficult.

We recognize that an accused is entitled to a jury charge on any defense raised by evidence from any source. *See, e.g., Campbell v. State,* 614 S.W.2d 443, 445 (Tex.Cr.App.1981). However, impossibility is not one of the listed defenses to prosecution for the offense of rape of a child, Tex.Penal Code Ann. art. 21.09 (Vernon 1974), nor is it one of the labeled defenses to prosecution for any other offense denounced by our penal code. Tex.Penal Code Ann. arts. 8.01–8.06 (Vernon 1974). Rather, evidence of impossibility merely denies the existence of one or more of the necessary elements of the State's case, thereby becoming part of the whole evidence to be considered in determining whether the State discharged its burden to prove the accused is guilty of the offense charged beyond a reasonable doubt. Therefore, the appellant was not entitled to, and the court did not err in refusing to give, a charge that impossibility is a defense. *Accord, Green v. State,* 566 S.W.2d 578, 584 (Tex.Cr.App.1978); *Bearden v. State,* 487 S.W.2d 739, 742 (Tex.Cr.App.1972), and cases there cited. The fourth ground is overruled.

Utilizing his fifth ground to complain of improper jury argument at the punishment stage of the jury trial, appellant extracts the following recording:

[The prosecutor]: Is that fair? What kind of a lesson is it, not only to this man, but to others like him? And how do we know how many others there are like him? Because, you see, this type of offense occurs behind closed doors.

[Appellant's counsel]: Objection, he's dealing in speculation, not arguing from the record, and I don't even think that's a fair deduction from the evidence.

THE COURT: All right. Overruled.

[Appellant's counsel]: Note our exception, Your Honor.

The argument, appellant submits, was improper and destroyed his right to a fair trial because it inferred an improper causal connection between his crime and its effect on persons and activities not apparent from the record, constituting improper jury argument. In our view, the argument is not the kind that will undermine the conviction.

 Prior to the prosecutor's complained of argument, appellant's counsel had argued for probation as fair punishment, and it was permissible for the State to answer the argument of opposing counsel and to plead for law enforcement. *Todd v. State,* 598 S.W.2d 286, 296–97 (Tex.Cr.App.1980). The argument was but a response to the subject injected by appellant, *Mays v. State,* 563 S.W.2d 260, 264 (Tex.Cr.App.1978); and, indeed, similar arguments have been sanctioned as proper pleas for law enforcement. *Williams v. State,* 607 S.W.2d 577, 581 (Tex.Cr.App.1980); *Bacon v. State,* 500 S.W.2d 512, 514 (Tex.Cr.App.1973). The fifth ground is overruled.

By his sixth ground of error, appellant attempts to complain that the court's limiting instruction on the use of extraneous offense testimony directly asked the jury to consider such testimony for the purpose of impeaching appellant's testimony. This objection was not voiced to the trial court and, consequently, the complaint has not been properly preserved for review. *Daniels v. State,* 600 S.W.2d 813, 816 (Tex. Cr.App.1980). The ground is overruled.

The judgment is affirmed.