**Billy Gene KELLY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 07–84–0271–CR.**

Court of Appeals of Texas,
Amarillo.

June 27, 1986.

Rehearing Denied July 18, 1986.

---

Jeff Blackburn, Law Offices of John Mann, P.C., Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

A jury convicted appellant of injury to an elderly individual, Tex. Penal Code Ann. § 22.04 (Vernon Supp.1986), and assessed his punishment at forty years in the penitentiary. Appellant challenges the conviction by six grounds of error. By his first and second grounds, he argues that the trial court erred in overruling his objections to the charge and his requested instructions. By his third ground, he contends the trial court erred in overruling his objection to the prosecutor's jury argument. By his last three grounds, appellant attacks the form of the indictment. We affirm.

The facts upon which appellant's conviction is based are uncontroverted. On an October evening in 1983, Vernon Hickerson, appellant's elderly victim,[1] was standing in front of the Khiva Shrine Temple in downtown Amarillo after a Shrine meeting, visiting with his friend William Wall. While they were visiting, appellant came along the sidewalk directly across the street from them, on the way to his rented hotel room after being asked to leave a nearby bar.

As Hickerson and Wall were talking, appellant yelled at them and asked them what they were looking at. When they ignored him, he yelled again, asking them what they were talking about. Hickerson then replied, "I don't know if it is any of your business." Appellant immediately charged across the street toward Hickerson and Wall, ran up to Hickerson and said, "Well, you old son-of-a-bitch, I'll knock you on your ass." He then hit Hickerson a terrific blow to the jaw, knocking him to the sidewalk and inflicting various injuries. Wall immediately ran into the Temple for help, and while he was gone appellant kicked Hickerson in the ribs as he lay on the ground. In response to Wall's summons several men came out of the Temple and detained appellant until law enforcement officers arrived. Three days later, Hickerson died when a blood clot caused by the injuries induced a heart attack.

Appellant was charged in a two-count indictment, but the State elected to try him only on the count alleging his violation of section 22.04 of the Penal Code, which criminalizes injury to an elderly person.[2] That portion of the indictment states:

[O]n or about the 3rd day of October, A.D., 1983, ... BILLY GENE KELLY did then and there intentionally and knowingly engage in conduct that caused serious bodily injury to Vernon Hickerson, an individual who was older than sixty-five years of age, by striking Vernon Hickerson with his fist,

\* \* \* \* \* \*

After the State presented its evidence and rested, appellant rested without presenting any evidence, and the trial court charged the jury. As pertinent to the resolution of appellant's first two grounds of error, the court first told the jury:

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(1) serious bodily injury;
\* \* \* \* \* \*
(b) An offense under Subsection (a)(1) ... of this section is a felony of the first degree when the conduct is committed intentionally or knowingly....

---

1. There is a conflict in the testimony, but Hickerson was either 69 or 79.

2. As pertinent here, section 22.04 says:
 (a) A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or omission, engages in conduct that causes ... to an individual who is 65 years of age or older:

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The court then applied the law to the facts, as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of October, 1983 in Potter County, Texas, the defendant, BILLY GENE KELLY, did then and there intentionally or knowingly engage in conduct that caused serious bodily injury to Vernon Hickerson, an individual who was older than sixty-five years of age, by striking Vernon Hickerson with his fist, then you will find the defendant guilty of intentionally or knowingly causing serious bodily injury to an elderly individual as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of intentionally or knowingly engaging in conduct that caused serious bodily injury to Vernon Hickerson.

Appellant says, in his first two grounds of error, that the court reversibly erred in giving the abstract and general instruc-

tions on intent and knowledge, quoted above. Instead, says appellant, the court should have defined the terms in separate paragraphs that applied the definitions to the facts of this case.[3] However, we have concluded that the charge is correct.

 The court's charge to the jury has three purposes. It should instruct the jury on their behavior during deliberations; it should tell them, in language they can understand, the law that is pertinent to the issues they must resolve; and it should present to them for resolution the ultimate disputed fact issues in the case. When advising the jury about the pertinent law in a criminal case, the trial court must define the legal, technical, and uncommon terms it uses, *Watson v. State*, 548 S.W.2d 676 (Tex.Crim.App.1977); *Bickerstaff v. State*, 139 Tex.Crim. 69, 139 S.W.2d 110 (1940), and it must apply that law to the facts as developed during the trial. *Whitaker v. State*, 146 Tex.Crim. 325, 174 S.W.2d 975 (1943). Also, in most cases, the charge should track the indictment when outlining the State's case. *Williams v. State*, 612 S.W.2d 934 (Tex.Crim.App.1981).

That is what the trial court did here. It gave the statutory definitions, *Watson*, 548 S.W.2d 676, of intent and knowledge, Tex. Penal Code Ann. § 6.03(a) and (b), and defined various other terms, then applied the law to the facts before it.

You are further instructed that before you would be warranted in finding that the Defendant, Billy Gene Kelly, knowingly engaged in conduct that caused serious bodily injury to Vernon Hickerson, as alleged in the indictment, you must find from the evidence beyond a reasonable doubt that the Defendant was aware that his conduct was reasonably certain to cause serious bodily injury, as that term has been defined herein, on the date and at the place in question. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of knowingly engaging in conduct that caused serious bodily injury to Vernon Hickerson, to wit: striking Vernon Hickerson with his fist, as alleged in the indictment.

---

**3.** Appellant requested the following instructions on intent and knowledge:

You are further instructed that before you would be warranted in finding that the Defendant, Billy Gene Kelly, intentionally engaged in conduct that caused serious bodily injury to Vernon Hickerson as alleged in the indictment, you must find from the evidence beyond a reasonable doubt that the Defendant's conscious objective or desire was to cause serious bodily injury, as that term has been defined herein, on the date and at the place in question, by striking Vernon Hickerson with his fist. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of intentionally engaging in conduct that caused serious bodily injury to Vernon Hickerson, to wit: striking Vernon Hickerson with his fist, as alleged in the indictment.

Appellant argues, however, that under *Beggs v. State*, 597 S.W.2d 375 (Tex.Crim. App.1980) he was entitled to instructions on intent and knowledge that applied those definitions to the facts of the case. That contention is not supported by *Beggs* and misconceives the structure of a charge. *Beggs* was concerned with the defendant's right to a defensive charge on mistake of fact, one of the statutorily recognized defenses to a criminal accusation. *See generally* Tex. Penal Code Ann. § 8.01 *et seq.*, § 9.01 *et seq.* (Vernon 1974 and Supp.1986). It is, of course, well settled that a defendant is entitled to an instruction applying the law to the facts on the statutory defense raised by the evidence. *Turpin v. State*, 606 S.W.2d 907, 910 (Tex.Crim.App. 1980); *Pelham v. State*, 664 S.W.2d 382, 385 (Tex.App.—Amarillo 1983, pet. ref'd).

A defendant is not, however, entitled to separate instructions applying the law to the facts on various elements of the State's case that the defendant may contest. *Pelham*, 664 S.W.2d at 385. Yet, that is what appellant wanted and that is how he drafted his rejected instructions on intent and knowledge. Instead of accepting appellant's instructions, the trial court defined intent and knowledge abstractly in the statutory language and then used the terms in applying the law to the facts pertinent to the State's case. Under the cited authorities, that submission was correct. We also observe that there is no evidence in the record raising a statutory defense on which appellant would have been entitled to an instruction. *Mutscher v. State*, 514 S.W.2d 905 (Tex.Crim.App.1974). Grounds of error one and two are overruled.

By his third ground, appellant contends portions of the State's closing jury argument were reversibly erroneous. Again relying on *Beggs*, appellant says the State argued the strict liability theory of guilt rejected by *Beggs* [4] and, over his futile objections, misinformed the jury about the law.

We have examined the entire argument of the State and we find no reversible error. The State argued that appellant knowingly and intentionally assaulted his victim and the State told the jury that was the kind of intent and knowledge required by section 22.04 of the Penal Code. The argument is consistent with the court's instruction and is essentially correct. The evidence, as outlined at the beginning of this opinion, was that appellant assaulted an elderly man without reason or provocation and with every apparent intention of seriously hurting him. There is no requirement in our law, as the prosecutor correctly told the jury, that appellant foresee the ultimately fatal consequences of his attack. *Jones v. State*, 582 S.W.2d 129, 134 (Tex. Crim.App.1979). He must only have intended to cause serious injury and must have had an awareness that his conduct was reasonably certain to do that. *Beggs*, 597 S.W.2d at 377. Appellant's words and actions prove his intent and knowledge and that was the State's argument. Ground of error three is overruled.

By his fourth, fifth, and sixth grounds, appellant contends that his motion to quash the indictment should have been sustained because the indictment did not say whether appellant committed the offense by an "act" or by an "omission." Appellant argues that this deficiency is violative of the Sixth Amendment of the United States Constitution; Article I Section 10 of the Texas Constitution; and article 21.04 of the Texas Code of Criminal Procedure (Vernon 1966).

Under section 22.04 of the Penal Code, as quoted above, it is a crime to injure an elderly person by either an act or an omission. The indictment in this case did not use either term, alleging instead that appel-

---

**4.** In *Beggs*, the Court of Criminal Appeals rejected the State's argument that a person is automatically guilty, regardless of knowledge or intent, under the injury to a child portion of section 22.04 of the Penal Code if the person engaged in the conduct that led to the injury.

The Court pointed out, quite logically, that the requirements of intent and knowledge, as statutorily defined, are part of the crime and a defendant who presents evidence to support a mistake of fact defense to those elements is entitled to a charge on mistake of fact.

lant injured his victim "by striking Vernon Hickerson with his fist." Thus, says appellant, the indictment did not tell him whether he was guilty of an act or an omission, and should have been quashed. However, our research indicates otherwise.

■ The failure to specifically plead the words "act" or "omission" under section 22.04 of the Penal Code is not a fundamental defect, *Castillo v. State*, 616 S.W.2d 620 (Tex.Crim.App.1981); *Smith v. State*, 603 S.W.2d 846 (Tex.Crim.App.1980); hence, those terms are not essential allegations. *Chance v. State*, 563 S.W.2d 812 (Tex.Crim. App.1978). It is sufficient, under article 21.17 of the Texas Code of Criminal Procedure Annotated (Vernon 1966), "to use other words conveying the same meaning, or which include the sense of the statutory words." *Accord Dennis v. State*, 647 S.W.2d 275, 280 (Tex.Crim.App.1983); *Jacquez v. State*, 579 S.W.2d 247, 249 (Tex. Crim.App.1979); *Seaton v. State*, 564 S.W.2d 721, 726 (Tex.Crim.App.1978); *Sims v. State*, 546 S.W.2d 296, 298 (Tex.Crim. App.1977); *see also Murphy v. State*, 665 S.W.2d 116, 118 (Tex.Crim.App.1983), *cert. denied*, 469 U.S. 821, 105 S.Ct. 93, 83 L.Ed.2d 40 (1984). Thus, our inquiry is whether the information in the indictment gave appellant the notice required by the constitutional and statutory provisions upon which his grounds are based.

Article I Section 10 of the Texas Constitution requires that an accused be furnished with information upon which he may prepare a defense. The information must come from the face of the indictment and be in plain and intelligible language. *Beck v. State*, 682 S.W.2d 550, 554 (Tex.Crim. App.1985). Article 21.04 of the Texas Code of Criminal Procedure Annotated (Vernon 1966) also requires that the indictment be written in plain and intelligible language, sufficient to allow an accused to plead a judgment under it in bar of further prosecution. *Moore v. State*, 473 S.W.2d 523 (Tex.Crim.App.1971). The same concerns are present under the United States Constitution, and there are two tests used to determine the sufficiency of an indictment:

(1) does the charging instrument contain the elements of the offense and sufficiently apprise the accused of the charges against him; and (2) in the event other charges are brought against the accused for a similar offense, does it provide a sufficient shield so that he may plead former acquittal or conviction. *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962).

■ In this case, the indictment expressly alleges that appellant committed the offense by "striking Vernon Hickerson with his fist." Applying the foregoing principles, it is apparent that the indictment contains express averments that the offense was committed by an act. We cannot envision how the indictment could ever be read to suggest that appellant committed the offense by omission. It is also obvious that the indictment is written in plain and intelligible language, contains the elements of the offense, sufficiently apprises appellant of the charges against him, and sufficiently describes the offense so that he may plead former acquittal or conviction. Accordingly, grounds of error four, five, and six are overruled.

The judgment is affirmed.