ERNEST HUGHES V. THE STATE.

No. 10168.   Delivered May 12, 1926.

Rehearing denied June 23, 1926.

**1.—Murder—Juror Convicted Felon—Disqualified.**

Where appellant, in his motion for a new trial, established as a fact that one of the jurors who sat on his case was a convicted felon, and unpardoned, the verdict cannot stand.   One who has been convicted of

a felony is disqualified as a juror in this state. Subdiv. 3, Art. 692, Vernon's C. C. P. This ground of disqualification cannot be waived. Art. 695, Vernon's C. C. P. The fact that the conviction was in the Federal court does not prevent its being a disqualification. See Amaya v. State, 87 Texas, Crim. Rep., 160.

### ON REHEARING BY STATE.

#### 2.—Same—Felony Conviction—Sufficiently Shown.

The state urges in a motion for rehearing that the evidence did not show that the juror Hobbs had been convicted in the Federal court for a felony, but for having operated a still "without paying the tax." The Federal statute referred to in our original opinion makes the offense of operating a still without paying the tax a felony. The Federal statute does penalize one who operates a still without first obtaining a permit as a misdemeanor, but there is no evidence before us that Hobbs was convicted for the last named offense.

#### 3.—Same—Charge of Court—On Excessive Force—Held Correct.

While one is entitled to defend against any character of assault, still if the assault be less than deadly or calculated to inflict serious bodily injury, the defendant has no right to use greater force than is reasonably necessary to repel the attack, viewed from his standpoint, and we find no error in the court's charge submitting this issue in the instant case.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for murder, penalty fifteen years in the penitentiary.

The opinion states the case.

Butler, Price, & Maynor of Tyler, Gentry & Gray of Tyler, for appellant.

Sam D. Stinson, State's Attorney, and Robert M. Lyles, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Smith County of murder, punishment fixed at fifteen years in the penitentiary.

We are met at the threshold of our consideration of this case by the proposition that one of the jurors who tried the case had been convicted of a felony and his citizenship had not been restored.

The facts adduced on the hearing of appellant's motion for new trial showed that juror Hobbs admitted that he had been convicted in the Federal Court of Alabama in 1912 for manufacturing whiskey without paying the tax required by law, and

that he had not been pardoned.    The punishment for said offense appears to be by fine and imprisonment not exceeding two years.  See Sec. 5966, 1916 Compilation Federal Statutes. We find that a felony is defined in Art. 10509 of the same Federal Statutes as one which may be punished by death or imprisonment for any term exceeding one year.  Said section was enacted in 1909, hence was in force when juror Hobbs was convicted.   One who has been convicted for a felony is disqualified as a juror in this State.   Subdiv. 3, Art. 692, Vernon's C. C. P.   This ground of disqualification can not be waived. Art. 695, Vernon's C. C. P.   The fact that the conviction was in the Federal Court does not prevent its being a disqualification. Amaya v. State, 87 Tex. Crim. Rep. 160.

The other questions raised may not occur on another trial.

For the error mentioned the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Juror Hobbs swore, upon the hearing of the motion for new trial, that he had been convicted in 1912 in the Federal court in Alabama for having operated a still "without paying the tax."   This seems a plain statement. The Federal statute referred to in our original opinion makes the offense of operating a still without paying the tax a felony.   We are at a loss to know how we could presume that Hobbs may have been convicted under a Federal statute penalizing one who operates a still without obtaining a permit, it being insisted by the state that he may have had reference to this last mentioned statute, punishment for a violation of which is a misdemeanor.   Hobbs having used words plainly indicating the character of offense for which he had been convicted, if the state had not been satisfied it could have developed the matter further, but did not.

We are not in accord with appellant's objection to the charge of the court on excessive force.   While one is entitled to defend against any character of assault, still if the assault be less than deadly, or calculated to inflict serious bodily injury, the defendant has no right to use greater force than is reasonably necessary to repel the attack, viewed from his standpoint.

The state's motion for rehearing will be overruled.

*Overruled.*