**Don SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52612.**

Court of Criminal Appeals of Texas.

Jan. 26, 1977.

Rehearing Denied Feb. 16, 1977.

Fred E. Time, Dallas, for appellant.

Robert Glasgow, Dist. Atty., Stephenville, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

Appellant was tried by a jury on an indictment alleging the felony offense of intentionally and knowingly carrying a pistol on premises licensed by the State of Texas for the sale and service of alcoholic beverages. He was acquitted of said felony offense and convicted of the lesser included misdemeanor offense under V.T.C.A., Penal Code, Sec. 46.02, of intentionally and knowingly carrying on or about his person a handgun, and punishment was assessed at 90 days jail time and a $2,000.00 fine.

Bob McBride testified that on June 10, 1975, he owned and operated a private club known as the Timbers Club in Erath County, that shortly after closing said club after 12:00 p. m. on said date he and a fellow employee, Billy Baskel, were standing together in the parking area about ten feet out from the front door when a car, sliding and spinning its wheels, drove within about 15 feet of him and Baskel with a gun sticking out of the window on the driver's side which was fired several times, *with the driver of the automobile holding said pistol.* Said Billy Baskel testified that he saw the trail come from the pistol which was on the driver's side upon the firing of the second shot; that at the time of the said second shot said car had turned in front of him and was approximately 15 feet away from him; that he immediately ran up to within five feet of said car in an effort to get the license number of same; that as he did so, when the car went by him, the driver turned and looked back with the light in the parking lot shining right on him; *and that he could tell who the driver was and it was Don Sims, whom he then identified as the defendant in the courtroom.*

Appellant's contention of insufficient evidence is clearly shown by the above to be without merit.

Appellant's grounds of error which raise the question of effective assistance of counsel are primarily based on allegations by appellate counsel that trial counsel should have requested a charge on circumstantial evidence, that reputation witnesses should have been called in appellant's behalf, that appellant should have been called to the witness stand, and after acquittal of the felony an application for misdemeanor probation should have been filed, proved up and presented to the jury.

 The evidence set out above unequivocally demonstrates that no charge on circumstantial evidence was required and trial counsel quite properly refrained from burdening the trial court with such frivolous request. Said other allegations pertaining to the representation afforded the accused by trial counsel are attempted to be presented by the court reporter's notes of a hearing held approximately five months after notice of appeal which was approved by the trial court as a bill of exception. We held in *Boykin v. State*, 516 S.W.2d 946, Tex.Cr.App., that a motion for new trial is overruled by operation of the law 20 days after the filing of the original or amended motion and that any hearing had thereafter on same is a nullity and the evidence at said hearing would not be considered by this Court. Since Art. 40.09, V.A.C.C.P., provides that the approval of a bill of exception by the trial court after the expiration of the 90 day period allowed for filing same shall be sufficient proof that the time for filing was properly extended and since said Art. 40.09, supra, now provides, in effect, that a transcription of the reporter's notes may serve as an *informal* bill of exception, we will consider all of the evidence presented at said hearing in order that appellant be now afforded a full and adequate appellate determination after a full, fair and adequate evidentiary hearing of the question of ineffective counsel alleged herein. Upon doing so, we find that trial counsel advised his client fully, fairly and accurately as to his rights pertaining to the alleged matters now raised, that he quite wisely advised him not to present reputation witnesses when it was certain that "have you heard" questions in cross examination of said witnesses would expose to the jury a highly prejudicial charge theretofore made against the appellant of a somewhat similar matter, that his advice to the appellant to forego taking the witness stand because he felt the benefits to be derived from seeking misdemeanor probation were outweighed by possible harmful effects from his examination on the stand, was advice clearly given by able and competent counsel, that said counsel was probably, at the time, better equipped to determine the wisdom of said matters than is appellate counsel or this Court. In short, after consideration of the entire record in its totality, we find and hold that appellant was afforded effective and unusually competent representation by counsel in all material matters in his trial. *Ex parte Bratchett*, 513 S.W.2d 851, Tex.Cr. App.; *Williams v. State*, 513 S.W.2d 54, Tex.Cr.App.

 Appellant further contends that overruling the motion to quash the indictment for the reason same alleged the appellant carried on or about his person a *pistol*, instead of a *handgun* specifically prohibited by statute, was error; that appellant's objection to the charge authorizing a misdemeanor conviction for carrying a *handgun*, when such had not been specifically pleaded, should have been sustained; and that the court erroneously rendered judgment of conviction for carrying a handgun without support in the indictment. Art. 21.17, V.A. C.C.P., provides as follows:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

A pistol is necessarily a handgun and the term "pistol" clearly includes the sense and meaning of the term "handgun". See V.T. C.A., Penal Code, Sec. 46.01(5). We overrule appellant's said contentions thereto.

The judgment adjudges the appellant guilty of the offense of unlawfully carrying weapons on premises licensed for alcoholic beverages and the sentence recites such adjudication therein, when the appellant was, in fact, convicted by the jury's verdict only of the misdemeanor offense of intentionally and knowingly carrying on or about his person a handgun. To conform to the verdict and indictment herein, the judgment is reformed to adjudge the appellant Don Sims guilty of the offense of intentionally and knowingly carrying on or about his person a handgun and the sentence is reformed to recite that appellant Don Sims has been adjudged to be guilty of the offense of intentionally and knowingly carrying on or about his person a handgun, and, as so reformed, the judgment and sentence herein are affirmed.