Silton Lee WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 53102.

Court of Criminal Appeals of Texas.

April 27, 1977.

William C. Meyer, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Sam Adamo, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Silton Lee Williams appeals from his conviction for the offense of murder. Trial was before the court and punishment was assessed at ten years.

In his sole ground of error, he contends that the trial court erred in failing to grant his motion for new trial based upon alleged newly discovered evidence.

On February 24, 1975, the judge found Williams guilty and assessed his punishment. The ten days for the filing of a motion for new trial was waived and Williams stated that he wished to be sentenced immediately. On March 4, 1975, through newly obtained counsel, he filed a motion for new trial.

Appellant testified that prior to the date of the instant offense he and his wife had had frequent marital difficulties. He stated that at approximately 2:30 or 3:00 p. m. on the date of the offense he had gone to his sister-in-law's house to speak to his wife. She had been staying there with their five children since their most recent separation. He made two trips to get the children, and when he returned she again refused to let him have the children and an argument ensued. As he started to leave, she stepped

in front of his car on the passenger side. He stopped the car, got out and, as he was walking around the rear to the front, she fired a shot at him. Williams stated that he returned the fire and as she was lying on her side he kicked the gun out of her hand. Three of the four shots fired were fired into her back. He had his aunt call the police and was later arrested at his residence. When officers arrived he said, "The gun is in my pocket."

The motion for new trial was filed after the date of sentencing and should not have been considered by the trial court. *Roberts v. State*, 493 S.W.2d 849 (Tex.Cr. App.1973). The record contains no motion to set aside the sentence.

In *Bennett v. State*, 450 S.W.2d 652 (Tex. Cr.App.1969), this Court wrote:

"The defendant having waived the time to file motion for new trial, and sentence having been pronounced, the trial court was under no obligation to permit the motion for new trial to be filed. *Bedell v. State*, Tex.Cr.App., 443 S.W.2d 850."

In that case the sentence was pronounced September 17, 1968 and notice of appeal was given on September 27, 1968. A motion for new trial was filed alleging receipt of the testimony in jury misconduct. The court heard evidence on the motion for new trial in that case. See also *Heath v. State*, 161 Tex.Cr.R. 323, 276 S.W.2d 534 (1955), which held that the trial court did not err in refusing to permit the filing of a motion for new trial when he did not ask that the notice of appeal be withdrawn.

The evidence introduced at the hearing on the motion for new trial is not properly before us for our consideration. *Boykin v. State*, 516 S.W.2d 946 (Tex.Cr. App.1974); *Roberts v. State*, supra. In our recent decision in *Sims v. State*, 546 S.W.2d 296 (Tex.Cr.App.1977), we held that the evidence presented at the hearing on an untimely motion for new trial would be treated as an informal bill of exception. *Sims v. State*, supra, is contrary to nearly all decisions on the question. *Sims* overruled by

implication *Boykin* cited above and countless other decisions of this Court. We overrule *Sims.* The evidence at the hearing on the motion for new trial is not properly before us.

■ Even if we were to consider the evidence heard on the motion, no reversible error would be shown. The testimony adduced was from a ten-year-old son of appellant who was at the house at the time of the shooting. An accused may not secure a new trial by the stratagem of failing to call a witness whose identity and knowledge of his case were known or by the exercise of reasonable diligence might have been known prior to trial. *Waddell v. State,* 503 S.W.2d 570 (Tex.Cr.App.1974). Assuming there was diligence, no abuse of discretion was shown. It should be remembered that this was a trial before the judge without a jury. He no doubt decided that the alleged new evidence would not have caused him to reach a different result.

No reversible error having been shown, the judgment is affirmed.

PHILLIPS, Judge, concurring in the result—dissenting in part.

I dissent to that part of the opinion herein overruling *Sims v. State,* Tex.Cr.App., 546 S.W.2d 296, wherein we held that a transcript of testimony certified by the trial judge as defendant's "bill of exception" could be considered as a bill of exception even though it related to matters raised in a motion for new trial which had theretofore been overruled by operation of law. Though the question in *Sims* differs from the question here presented in that the transcript of evidence in this case is not specifically designated and approved as a "bill of exception" by the trial judge, nevertheless, said evidence and the matter raised thereby should be considered by this Court and *Boykin v. State,* 516 S.W.2d 946, should be overruled.

The trial judge's conduct in *Sims* was correct; the trial judge in the instant case *could* correctly have granted appellant's motion for new trial based on newly discovered evidence. In *Hines v. State,* Tex.Cr.

App., 495 S.W.2d 252, the original motion for new trial was overruled 20 days after it was filed. The first amended motion was filed three months after sentence and notice of appeal and the second amended motion for new trial were filed over six months after sentence. The defendant there claimed newly discovered evidence in both of his amended motions. Although the trial court's action in declining to hold a hearing on the amended motions for new trial was upheld by this Court, the Court also noted at page 255:

"While appellant is not asserting his claim in his appellate brief for the first time as was the case in *Watkins* [*v. State,* 438 S.W.2d 819], supra, his contention under the first and fifth grounds of error that the substance of his first and second amended motion should have been considered by the trial court is similar to the argument in *Watkins,* supra. *The long delay in the filing of the amended motions is tantamount to placing the motions in the realm of Art. 40.09, V.A.C.C.P., Trial Procedure.*" (Emphasis added)

Those parts of Art. 40.09, V.A.C.C.P., material to the issue herein are as follows:

"3. *Statement of facts and other proceedings.*

The record may include a transcription of all or any part of the proceedings shown by notes of the report to have occurred before, during or after the trial and same will constitute the statement of facts for the appeal. A transcription applicable to any proceedings occurring before or within a period of ninety days after notice of appeal shall be filed with the clerk for inclusion in the record not later than the end of such period.

4. *Effect of transcription of reporter's notes.*

A transcription of the reporter's notes when certified to by him and included in the record shall establish the occurrence and the existence of all testimony, argument, motions, pleas, objections, exceptions, court actions, refusals of the court to act *and other events thereby shown* and no further proof of the occurrence or

existence of same shall be necessary on appeal." (Emphasis added.)

The majority cannot point to any provision of our statutes that in any way attempts to provide or limit the consideration of the reporter's transcription of evidence material to a cause that has been filed and approved as part of the record by the trial judge within the statutory deadline for filing.

*Fentis v. State*, Tex.Cr.App. (No. 51,361, decided May 26, 1976), also involved a late filed motion for new trial. The trial court's action in declining to allow the defendant to present witnesses and thus refusing to entertain his late filed motion was upheld by this Court. However, Judge Odom made this interesting observation:

"It is apparent that the November 11 motion was late-filed, there being nothing in the record to reflect that the trial court ever extended the time for filing the same past October 3. Art. 40.05, V.A. C.C.P. Nevertheless, if the trial court had proceeded to conduct a hearing on the merits within twenty days after the motion was filed, such act would be construed as a finding of good cause for the late filing of the motion, see Art. 40.05, supra, and the question whether the trial court abused its discretion in overruling the motion would be properly presented for review."

By analogy, the trial court's action here in designating the transcription of the hearing on the motion for new trial as a bill of exception should be sufficient to place that transcription before this Court for review.

Furthermore, Art. 40.05, V.A.C.C.P. provides that, for good cause shown, the time for filing or amending a motion for new trial may be extended by the court. The action of the trial court in hearing evidence on a late filed motion for new trial should be held to constitute a finding of good cause for said late filing and that the trial court intended to, and did, extend the time therefor.

Matters presented to the trial court by evidence heard after the time for filing a motion for new trial but within the statuto-ry permissible period for filing transcriptions of a court reporter's notes will generally be those matters of constitutional dimension, as in *Sims*, and the arbitrary refusal of this Court to consider these matters will generally result in a needless duplication of the same hearing through habeas corpus proceeding.

This Court has often spoken against requiring the doing of a "useless thing". In *Smith v. State*, Tex.Cr.App., 486 S.W.2d 374, the defendant filed a habeas corpus writ attacking his prior conviction while the cause was on appeal. The trial court found that relief should be granted. This Court noted: "Under the circumstances of this case, we have concluded it would be a useless thing to require a separate proceeding after the appeal had become final."

Similarly, in *Ramirez v. State*, Tex.Cr. App., 486 S.W.2d 373, an appeal from an order revoking probation, the defendant also filed a habeas corpus writ which attacked the conviction upon which his probation had been revoked. Although the relief granted in *Ramirez* was contrary to this Court's usual procedure, the defendant was not required to file a separate writ of habeas corpus because of this Court's abhorrence of compelling useless things. At page 374, this Court discussed its result:

"Ordinarily, collateral attacks are not permitted on the original conviction upon which probation has been revoked, but in the present case it has been shown that under the decisions of the United States Supreme Court the appellant was denied the right to counsel. To require a separate habeas corpus proceeding to attack such conviction would be to require a useless thing."

In addition to voicing objection to compelling a "useless thing", this Court has often stressed the importance of judicial economy. In *Davis v. State*, Tex.Cr.App., 529 S.W.2d 547, the majority held that a hearing conducted on a motion for new trial, held approximately two months after the filing of the motion and pronouncement of sentence, was unauthorized and could not

be considered by this Court. Disagreeing with that result, Judge Onion noted:

"Unlike the majority, I would not hesitate to consider the testimony developed at the hearing in the trial court while it still had jurisdiction of the case. See Art. 40.09, V.A.C.C.P. While the majority may be technically correct, *if* the hearing was on motion for new trial filed two months earlier, I think we spin judicial wheels unnecessarily when the majority suggests that appellant go back to the trial court for possible collateral attack upon the conviction relating to the effective assistance of counsel in order to bring back to this Court the very same testimony which is now in the record before us  .   .   .  The lack of finality of a criminal judgment is an ever increasing problem of the courts of this country and our procedure should be flexible enough to put to rest questions raised on appeal once and for all rather than relying on procedural technicalities relating to motions for new trial to side step questions while suggesting the question can be raised again by collateral attack which will again consume the time of the trial court and of this Court at great and additional expense to the tax payers where the appellants are indigent. No judicial economy is here involved."

The majority's decision today is not only unsupported by valid cause or reason, but is direct violation of the letter and spirit of Art. 44.23, V.A.C.C.P., which provides that no affirmance or reversal shall be determined on mere technicalities or on technical errors in the preparation and filing of the record on appeal.

ROBERTS, J., joins.