Sidney Franklin SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-85-321-CR.

Court of Appeals of Texas, Austin.

Dec. 23, 1987.

---

Paul Finley, Beagan, Burrus, Dierksen, Lamon & Bluntzer, P.C., New Braunfels, for appellant.

William L. Schroeder, Dist. Atty., R. Bruce Boyer, Asst. Dist. Atty., New Braunfels, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Sidney Franklin Smith appeals his conviction for the offense of aggravated sexual assault. Tex.Pen.Code Ann. § 22.021(a)(5) (Supp.1987). The trial court assessed punishment at confinement for 20 years. We will reform and affirm the judgment.

Smith was charged in a two-count indictment of sexually assaulting his three-year-old daughter. At trial, the State introduced Smith's confession, a videotape of the child victim, and the testimony of Smith's wife. Smith's appeal raises five points of error.

Smith complains in his first point of error he was denied the effective assistance of counsel. In *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986), the Court of Criminal Appeals adopted the standards for ineffective assistance cases set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The accused under *Hernandez* must show counsel's performance fell below an objective standard of reasonableness and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The accused must identify counsel's purported errors and the reviewing court should evaluate counsel's conduct in light of all the circumstances, with a strong presumption all decisions were made in the exercise of reasonable professional judgment. The accused is prejudiced by counsel's ineffectiveness only when the reviewing court's confidence in the outcome of the trial has been undermined. *Hernandez*, 726 S.W.2d at 55.

■ Smith argues he was rendered ineffective assistance of counsel because the issue of punishment was not submitted to the jury. Smith submitted an application for probation prior to trial, but elected to be sentenced by the judge. During the trial's punishment phase, Smith's counsel repeatedly asked the district court to sentence Smith to probation and not shock probation. Smith now points out that only the jury may grant probation in an aggravated sexual assault case. Tex.Code Cr.P. Ann. art. 42.12, §§ 3g(a)(1)(C) and 3a(a) (Supp.1987). Smith cites *May v. State*, 660 S.W.2d 888 (Tex.App.1983), *aff'd*, 722 S.W. 2d 699 (Tex.Cr.App.1984), contending counsel's failure to submit the issue of punishment to the jury precluded him from consideration for probation and amounted to ineffective assistance of counsel. We disagree.

In *May*, defense counsel elected that punishment be assessed by the jury, but the district court refused to submit the issue of probation to the jury because the motion for probation filed by counsel was unsworn. This Court held on appeal counsel's neglect to file a sworn motion could not be construed as trial strategy and reversed the conviction for ineffective assistance of counsel.

In *May*, counsel limited his client's rights within the chosen forum without apparent reason. Here, however, counsel limited Smith's rights by the choice of forum itself, a decision plausibly based upon reasonable trial strategy. We cannot infer counsel's apparent mistaken belief about the district court's ability to grant probation was the only reason he elected the court assess punishment. This case concerns the aggravated sexual assault of a three-year-old, a crime the jury panel expressed its distaste for throughout *voir dire* and for which it took only a relatively short time to return a conviction. Under these circumstances, we may not conclude counsel's decision to elect punishment by the court was not a result of reasonable professional judgment in light of all the circumstances.

Even were we convinced the actions of Smith's counsel fell below an objective standard of reasonableness, Smith must still show prejudice in order to prevail on his argument of ineffective assistance, demonstrating that but for counsel's errors, there is a reasonable probability he would have been granted probation by the jury. *Hernandez*, 726 S.W.2d at 55. This he has failed to do.

█ Smith next complains his counsel rendered ineffective assistance in failing to object to the introduction of a videotape prepared in accordance with Tex.Code Cr.P. Ann. art. 38.071, § 2 (Supp.1987). Several weeks previous to Smith's trial, the court of appeals in Dallas held art. 38.071 unconstitutional in violation of a defendant's right to confront the witnesses against him. *Long v. State*, 694 S.W.2d 185 (Tex. App.1985), *aff'd*, 742 So.2d 302 (Tex.Cr. App.1987), No. 867–85, Tex.Cr.App., July 1, 1987 (not yet reported). Although this authority supported an objection to admission of the videotape at Smith's trial, it does not address whether Smith's counsel was reasonable in not objecting. Smith's counsel may have reasoned, for instance, that admitting the videotape was preferable to being forced to cross-examine the child on the witness stand. Smith has not shown counsel's performance fell below an objective standard of reasonableness.

█ Moreover, given Smith's unequivocal confession and other evidence discussed below, Smith has not demonstrated that had counsel objected and the videotape been excluded, the outcome of the trial would have been different. *Hernandez*, 726 S.W.2d at 55. Smith's first point of error is overruled.

█ Smith complains in his second point of error the district court erred by entering judgment against him on two nonproperty offenses charged in one indictment and arising out of the same transaction. We agree.[1]

Only one conviction can be had where a single indictment alleges two offenses arising from the same transaction. *Ex parte Ellison*, 699 S.W.2d 218 (Tex.Cr.App.1985). The indictment charged Smith with two counts of aggravated sexual assault, both alleged to have occurred on the same day. The record discloses both offenses arose out of the same transaction. We reform the judgment of the district court by vacating the conviction on count two of the

indictment. *Ex parte Siller*, 686 S.W.2d 617, 620 (Tex.Cr.App.1985).

█ Smith complains in his third point of error there was insufficient evidence to establish a crime had been committed and to corroborate his confession adequately to support his conviction.

In this case, the fact a crime has been committed is established when the proof shows a person under fourteen years of age has wrongfully had her vagina penetrated by another using any means. *Dunn v. State*, 721 S.W.2d 325, 333 (Tex. Cr.App.1986) (in establishing *corpus delicti*, no need to show defendant is the guilty agent connected with the criminal act).

Patricia Towal, an early childhood teacher with the Comal Independent School District, testified the three-year-old victim exhibited a sudden change of attitude toward her father. Suspecting abuse, Ms. Towal gave the child some dolls and asked the child to show the teacher what happened. The child climbed on a small doll bed located in a classroom and demanded the dolls be unclothed. The child then took the male doll and pushed it into her pubic area and periodically stated: "Daddy hurt me."

Joan Tiemann, a child protective services specialist with the Texas Department of Human Resources, testified she videotaped the victim. In response to Ms. Tiemann's request: "Come show me what Daddy does to ... [you]," the child placed a doll on a small wooden bed and laid another doll on top of the first. The child then pushed down on the top doll and then pulled the covers of the bed over both the dolls.

Smith's wife, Linda, testified she saw her husband place his finger in their daughter's vagina. The appellant unequivocally admits in his confession he placed his finger in his daughter's vagina. We conclude the evidence is sufficient to establish the crime of aggravated sexual assault did occur and corroborates Smith's confession. Smith's third point of error is overruled.

**1.** The Legislature has recently liberalized the joinder of offenses. 1987 Tex.Sess.Law.Serv., ch. 387, § 4, at 3782.

Smith complains in his fourth point of error the district court erred in admitting his confession, contending it was involuntarily given. We disagree.

 In determining whether a confession is voluntary, we must examine the totality of the circumstances under which it was made. *Barney v. State,* 698 S.W.2d 114, 120 (Tex.Cr.App.1985); *Armstrong v. State,* 718 S.W.2d 686, 693 (Tex.Cr.App. 1985). Review of a trial court's determination in this area is limited to whether an abuse of discretion has occurred. *McCoy v. State,* 713 S.W.2d 940, 955 (Tex.Cr.App. 1986).

Officer Douglas of the New Braunfels Police Department invited Smith to the police station to give a statement. According to Douglas, Smith did not have transportation, so he rode to the station with Douglas. Douglas testified he told Smith he was not under arrest and that he would be taken home any time he wanted to leave. Smith's recorded interrogation took place in a private office at the station. The transcription of the recording reveals that Douglas told Smith the conversation was being taped, gave Smith his *Miranda* warnings, and advised him he could stop answering questions at any time. Smith said he wanted to give a statement to "get to the truth of this matter."

Smith was detained by Douglas for a total of nineteen minutes. Smith testified at the suppression hearing that he felt he could leave the interrogation room, but he just did not. There is no evidence of physical coercion, nor that Smith was denied access to a lawyer or to his family.

Smith essentially contends his low IQ (59 verbal and 80 performance) places him in the mentally retarded range of functioning and prevented him from making a knowing and intelligent waiver of his rights. The psychologist who evaluated Smith's mental capabilities testified he believed Smith "knew what was going on" during the questioning. After reviewing the totality of the circumstances, we conclude the district court did not abuse its discretion in admitting appellant's confession. Smith's fourth point of error is overruled.

Smith complains in his fifth point of error the district court erred in failing to ask the jury panel whether any member had ever been convicted of theft as required by Tex.Code Cr.P.Ann. art. 35.12 (Pamp.Supp.1987). The trial court apparently did fail to make that specific inquiry, but the oversight was not brought to the court's attention. Smith cites *Hughes v. State,* 105 Tex.Cr.R. 57, 284 S.W. 952 (1926), for the proposition such an error is not subject to waiver and argues he is entitled to a new trial. We disagree.

In *Hughes,* the defendant showed at the hearing on the motion for new trial that a juror had been convicted of a felony. The Court of Criminal Appeals applied Tex.Rev. Civ.Stat.Ann. art. 695 (1916), a statute incorporated verbatim in Tex.Rev.Civ.Stat. Ann. art. 35.16 (Pamp.Supp.1987), and granted a new trial because a felony conviction is the type of disqualification that may not be waived. Smith has shown no evidence, however, that any juror was here so disqualified. Although the district court erred and this error may not be waived, Smith has failed to demonstrate harm and his fifth point of error is overruled.

The judgment of conviction and 20-year sentence on count one of the indictment is affirmed; the judgment of conviction on count two of the indictment is vacated.

POWERS, J., not participating.