NO. 07-01-0425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 8, 2003

______________________________

ALEXIUS JAMALL NELSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 184TH DISTRICT COURT OF HARRIS COUNTY;

NO. 833021; HONORABLE JAN KROCKER, JUDGE

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, S.J.
(footnote: -6)
OPINION
(footnote: 1)
 Following his plea of not guilty, appellant Alexius Jamall Nelson was convicted by a jury of capital murder and punishment was assessed by the court at confinement for life.  Presenting five points of error, appellant contends (1) the trial court erred in finding the officers had probable cause to believe he committed a felony and was about to escape under article 14.04 of the Texas Code of Criminal Procedure; (2) the trial court erred in finding that the taint from the illegal arrest was sufficiently attenuated to render his confession voluntary; (3) the evidence is legally insufficient to prove that he knowingly or intentionally caused the death of the complainant; (4) the evidence is factually insufficient to prove that he knowingly or intentionally caused the death of the complainant; and (5) the trial court erred in permitting an absolutely disqualified juror to serve on the jury.  Being of the opinion that according to the controlling statutes enacted by the Legislature in the exercise of its constitutional authority, a disqualified juror was impaneled, and based upon the rationale expressed herein, we reverse and remand.

Considering the points of error in logical rather than sequential order, we commence our analysis by reviewing appellant’s fifth point of error by which the he contends the trial court erred in permitting an absolutely disqualified juror to serve on the jury.  So that the controlling statutes may be analyzed in context with the record developed during jury selection, we begin by reviewing a portion of the reporter’s record material to our analysis.

The trial court commenced jury selection on May 2, 2001, and announced, “we’re going to try really hard to finish this by 5:00 o’clock.”  After 
voir dire
 was almost completed and while the trial judge was considering excuses from members of the panel, prospective juror number 19, Lawrence Olez, announced to the court that he had not been “honest in swearing in” and told the court that he had a previous conviction for misdemeanor theft.  This announcement prompted conferences and discussions among the judge and counsel that cover approximately ten pages of the reporter’s record, including two announcements by the trial judge to the reporter to “go off the record” and several bench conferences.  When the disqualification was first raised by the prospective juror, the judge commented:
(footnote: 1) 

The Court: I think the problem is that that [sic] makes him disqualified, even a Class C Theft, if you paid a fine.   

After the prospective juror told the court that he paid a fine, the trial court responded:

The Court: I think that disqualified him.  We can go back and look at the statute.

Noting the difficulty in screening excuses, when the trial judge said that she needed to look at the law, the reporter’s record reflects that defense counsel suggested that instead of excuses, the issue was disqualification and handed a law book to her. 

While reviewing a part of the Government Code and section 35.16 of the Texas Code of Criminal Procedure,
(footnote: 2) the discussion continued:

The Court:  However, if you look at 35.16, it says a Challenge for Cause may be made by either the State or the defense if someone has been convicted of theft.  So if neither of you challenge, he may stay on the jury.

[Prosecutor]:  
But go down another section or two.

The Court: Okay.

[Prosecutor]:  The next section or two.

The Court:  Remember, there is a follow-up section.

[Prosecutor]:  Yes, ma’am.  I think 36.15, maybe says if somebody is disqualified under 3--Section from the one you just read, they shall not be empaneled. 

While both counsel were reviewing the applicable rules, the judge took the opportunity to inform the prospective jurors of the practice regarding strikes and that it is preferable to have 32 qualified people because each side gets ten strikes.  After the judge’s explanation a venireperson inquired about restroom privileges and another asked when the parking lot closed.  After a very brief recess, the judge asked counsel:

The Court:  Might No. 19 be on the jury?  Let’s get that cleared up.  Mr. Olez, may we see you back at the bench, please, sir.

(Bench discussion).   

The Court: In answer to your question, there is a special Article which says–and is not with the others, it’s all by itself–it says that someone who has a theft conviction may not be impaneled 
unless 
both parties consent.  So that’s where we are now.

(Emphasis added).  The judge then asked both sides if they consented to impaneling Mr. Olez and the prosecutor and defense counsel responded that they had no objection.

Absolute Disqualification

The long-standing public policy of this State seeks to insure the integrity of juries by excluding persons from jury service whose moral status has been judicially established as criminal.  
See
 Tex. Const. art. XVI, § 2.  In Ex Parte Bronson, 158 Tex. Crim. 133, 254 S.W.2d 117 (1952), the Court held that a judgment was not subject to collateral attack by habeas corpus because a member of the jury was absolutely disqualified.
(footnote: 3)  However, after reviewing numerous decisions of the Court of Criminal Appeals, 
id
. at 121, the Court summarized the rules applicable to the impaneling of an unqualified juror as follows:

when it appears to the trial judge that a prospective juror is subject to challenge under subsections 3, 4, or 5 of Art. 616, C.C.P., the juror 
shall not
 be impaneled, without regard to whether he be challenged, and 
even though both the state and the defendant consent
;

if such a juror be impaneled and it becomes known to the trial judge prior to the return of a verdict that he is so disqualified, the judge should take action to remove the disqualified juror;

if, upon motion for new trial, it be shown that one or more of the jurors impaneled was disqualified under said subsections 3, 4, or 5 of Art.  616, C.C.P., a new trial shall be ordered, without regard to a showing of injury or probable injury or of consent or waiver.

(Emphasis added).  Hughes v. State, 105 Tex.Crim. 57, 284 S.W. 952 (1926) has uncommon significance here because it holds that disqualification of a juror for conviction of an offense under former subdivision 3 of article 692 C.C.P (then 616) cannot be waived.  Also, under article 35.16, although reasons for challenge for cause numbers one and five through eleven can be waived, reasons two, three, and four are not subject to waiver.
  
See 
paragraph following 35.16(11) providing:

No juror shall be impaneled when it appears that he is subject to the second, third or fourth grounds of challenge for cause set forth above, 
although both parties may consent. 

(Emphasis added).

 Following the constitutional mandate that laws be enacted prohibiting jury service by persons who have been convicted of bribery, perjury, forgery, and other high crimes, the Legislature enacted chapter 35 of the Code entitled “Formation of the Jury.”  By article 35.10, the Legislature provided that the trial court shall try the qualifications of those persons summoned and present for jury service and in testing their qualifications per article 35.12 inquire: 

1.  Except for failure to register, are you a qualified voter in this county and state under the Constitution and laws of this state?

2.  Have you ever been convicted of theft or any felony?

3.  Are you under indictment or legal accusation for theft or any felony?

Among others reasons, article 35.16 provides that a challenge for cause may be made to a particular juror

2.  That he has been convicted of theft or any felony; 

3.  That he is under indictment or other legal accusation for theft or any felony;

4.  That he is insane.  

In addition, article 35.19 entitled “Absolute Disqualification” prohibits certain persons from jury service by providing: 

No juror shall be impaneled when it appears that he is subject to the second, third or fourth cause of challenge in Article 35.16, 
though 
both parties may consent. 

(Emphasis added).  Applying articles 35.16 and 35.19, in Green v. State, 764 S.W.2d 242, 247 (Tex.Cr.App. 1989), the Court distinguished between an absolutely disqualified juror and a disqualified juror and noted:

For example, a prospective juror is 
absolutely disqualified
 from serving on a jury and must be excused from the panel according to Art. 35.19 V.A.C.C.P., if the prospective juror (1) has been convicted of theft or any felony, (2) is under indictment or other legal accusation for theft or any felony, (3) or is insane.  

(Emphasis in original).  Accordingly, the Court concluded that the trial court should 
sua sponte
 excuse a juror absolutely disqualified by article 35.19. 
 See also 
Butler v. State, 830 S.W.2d 125, 130 (Tex.Cr.App. 1992) (en banc) (noting that the trial court 
must 
excuse an absolutely disqualified venireperson without regard to trial court discretion applicable to excusing an 
otherwise qualified
 venireperson on other grounds).  (Emphasis in original). 

Here, the trial court’s two announcements that prospective juror number 19 was disqualified were correct; however, for unexplained reasons, whether limited research resources or  time constraints, the trial court substituted the word “unless”
 
for the statutory words  “although” and “though” as used in articles 35.16 and 35.19.  Moreover, because of the sound public policy expressed in articles 35.16 and 35.19 providing that the prospective juror was disqualified notwithstanding consent by both parties, and considering that absolute disqualification cannot be waived,
 counsels’ announcements that they had no objection are ineffective to overcome the error in impaneling the absolutely disqualified juror.

First Time on Appeal

We next consider the State’s contentions that even if error occurred, it was not preserved for review.  We disagree.  As a general rule, in order to preserve a complaint for review on appeal, the claimed error must have been presented in the trial court thereby providing the trial court the opportunity to correct any error during the course of the trial.  
See
 Tex. R. App. P. 33.1(a); Norris v. State, 902 S.W.2d 428, 446 (Tex.Cr.App. 1995), 
cert. denied
, 516 U.S. 890, 116 S.Ct. 237, 133 L.Ed.2d 165 (1995).  Here, however, the record demonstrates that the prospective juror’s disqualification was raised in the trial court before the jury was selected which disclosure prompted considerable discussion, research, and consideration by the trial court.  Also, counsels’ discussion with the trial judge regarding the disqualification covers approximately ten pages of the reporter’s record.  From the information provided by the prospective juror of his theft conviction, the trial court concluded that the juror was disqualified, but mistakenly proceeded to impanel him concluding that the disqualification could be waived. 
 Moreover, this contention is analogous to a sufficiency of the evidence challenge, 
see generally
 Givens v. State, 26 S.W.3d 739, 740 (Tex.App.--Austin 2000, pet. ref’d); Flanary v. State, 166 Tex.Crim. 495, 316 S.W.2d 897, 898 (1958), or error based on an ex post facto claim. 
 See generally
 Ieppert v. State, 908 S.W.2d 217 (Tex.Cr.App. 1995) (holding that an ex post facto claim may be presented for the first time on appeal because a categorical prohibition may not be waived).  
See also
 Blue v. State, 41 S.W.3d 129,131 (Tex.Cr.App. 2000).

Is Error Reversible?  

The State contends that error, if any, was harmless and that under article 44.46 of the Code,
(footnote: 4) appellant’s conviction cannot be reversed on the ground that an absolutely disqualified person was impaneled on the jury.  We disagree.  Following the decision in Thomas v. State, 796 S.W.2d 196, 199 (Tex.Cr.App. 1990), article 44.46 was added to Chapter Forty-Four, entitled “Appeal and Writ of Error.”  Without amending or modifying articles 35.16 or 35.19, article 44.46 addresses the reversal of conviction where an absolutely disqualified person serves on a jury.  Under article 44.46(1), a conviction is reversible without a showing of harm if the defendant “raised” the disqualification before the verdict was entered; however, under (2) where the disqualification is not discovered or brought to the attention of the trial court until after the verdict is entered, the conviction is not reversible absent a showing of significant harm.

Prospective juror number 19 raised the issue of his disqualification before the trial judge during 
voir dire
.  As shown by our review of the relevant portion of the discussion in the reporter’s record, before the jury was impaneled, the disqualification of the juror was  discussed and considered by the trial court and, on one occasion, as defense counsel handed a book to the trial judge, he suggested that instead of “excuses” the issue was “disqualification.”  Article 44.46(1) does not require that the issue be “raised” in a specific manner.  Moreover, considering defense counsel’s participation in discussions with the judge and the prosecutor and the axiom that the law does not require the doing of a “useless thing,” Williams v. State, 549 S.W.2d 734, 737 (Tex.Cr.App. 1977), we conclude that the defense “raised” the issue of juror disqualification before the verdict was entered for purposes of article 44.46(1).

Citing Ford v. State, 73 S.W.3d 923 (Tex.Cr. App. 2002) and Jones v.  State, 982 S.W.2d 386 (Tex.Cr.App. 1998), 
cert. denied, 
528 U.S. 985, 120 S. Ct.  444, 145 L.Ed.2d 362 (1999), the State also argues that a harm analysis is required because the error occurred during the jury selection process.  However, those cases did not involve trial court error in allowing an absolutely disqualified juror to be impaneled.  Further, because the error of the trial court was fundamentally erroneous, 
Blue
, 41 S.W.3d at 131, and article 44.46(1) does not require a showing of harm, a harm analysis under Cain v. State, 947 S.W.2d 262, 264 (Tex.Cr.App. 1997), is inapplicable.  
Thus, appellant’s fifth point of error is sustained.  Our disposition of this point pretermits consideration of appellant’s remaining points.

Accordingly, the judgment is reversed and the cause is remanded to the trial court for further proceedings.

Don H. Reavis

     Justice

Publish.

FOOTNOTES
-6:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1:
Tex. R. App. P. 47.2(a).

1:
In discussing disqualification with the prospective juror, the judge told him that “a whole verdict can be thrown out if someone’s” -- . . . not qualified.

2:
All references herein are to the Texas Code of Criminal Procedure Annotated (Vernon 1989 & Supp. 2003) unless otherwise designated.

3:
At that time, Article 616, C.C.P. (currently 35.16), provided in part as follows:

A challenge for cause is an objection made to a particular juror, alleging some fact which renderes him incapable or unfit to serve on the jury.  It may be made for any one of the following reasons:

* * * 

3.  That he has been convicted of theft or any felony.

4.  That he is under indictment or other legal accusation for theft or any felony.

5.  That he is insane or has such defect in the organs of seeing, feeling or hearing, or such bodily or mental defect or disease as to render him unfit for jury service.

And Art. 619 (currently 35.19), provided:

No juror shall be impaneled when it appears that he is subject to the third, fourth or fifth clause of challenge in article 616, tho both parties may consent.
 

4:
Article 44.46, entitled Reversal of Conviction on the Basis of Service on Jury by a Disqualified Juror provides:

A conviction in a criminal case may be reversed on appeal on the ground that in the case was absolutely disqualified from service under Article 35.19 of this code only if:

(1) the defendant raises the disqualification before the verdict is entered; or

(2) the disqualification was not discovered or brought to the attention of the trial court until after the verdict was entered and the defendant makes a showing of significant harm by the service of the disqualified juror.