

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00245-CR

_____

DANIEL GITHUA NJOGO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. 1508177

---

Before Meier, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

A jury convicted appellant Daniel Githua Njogo of driving while intoxicated (DWI).[1] On appeal from the conviction, Njogo contends that the trial court reversibly erred by failing to test the qualifications of each veniremember to determine whether the veniremember was a qualified voter, had been convicted of theft or a felony, and had been indicted for theft or a felony. Njogo acknowledges that he did not complain of this alleged failure in the trial court.[2] The State concedes that the trial court should have tested the veniremembers' qualifications but asserts that the court's alleged failure to do so is harmless on the record presented. We agree with the State and affirm the trial court's judgment.

**Background**

A grand jury indicted Njogo for committing DWI. The case proceeded to a trial before a jury, and Njogo pleaded not guilty. On the record during voir dire of the venire, the trial court did not ask the veniremembers about their qualifications to serve on the jury. At the end of voir dire, the parties challenged the same veniremembers for cause, and when the trial court named the six veniremembers who would serve as jurors, neither party objected.

---

[1] *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2018).

[2] Before voir dire began, the trial court referred to the prior taking of an oath by the veniremembers about their "qualifications." It is unclear whether during off-the-record proceedings, the veniremembers were examined through some process about their qualifications to serve that are the focus of Njogo's complaint in this court.

After the jury received the parties' evidence and arguments, it found Njogo guilty. The jury heard more evidence on his punishment and assessed seven days' confinement. The trial court sentenced him accordingly. He brought this appeal.

**The Trial Court's Alleged Failure to Assess the Veniremembers' Qualifications**

In his only issue, Njogo contends that the trial court reversibly erred by failing to assess the qualifications of the veniremembers to serve on a jury. He acknowledges that he did not make the same complaint in the trial court, but he contends that the trial court's alleged failure amounts to constitutional and structural[3] error that mandates reversal. The State contends that we should overrule Njogo's issue because the record does not demonstrate harm. We agree with the State.

Chapter 35 of the code of criminal procedure requires a trial court to ask veniremembers about their qualifications to serve on a jury. *See* Tex. Code Crim. Proc. Ann. arts. 35.06, .10, .12, .21 (West 2006). The court must ask the veniremembers whether they are qualified voters under the Constitution and Texas law, whether they are convicted felons or thieves, and whether they are under indictment or legal accusation for a theft or any felony. *Id.* art. 35.12(a). A party may challenge a veniremember who is not a qualified voter, who is a convicted felon or thief, or who

---

[3]The court of criminal appeals has expressed that an error is "structural"—meaning that the error is categorically immune from a harm analysis—only when the United States Supreme Court has labeled it as such. *Lake v. State*, 532 S.W.3d 408, 411 (Tex. Crim. App. 2017) (plurality op.). Njogo does not contend that the alleged error in this case relates to federal constitutional law or that any Supreme Court decision governs the error.

has been legally accused of a felony or theft. *Id.* art. 35.16 (a)(1)–(3) (West 2006). When a party makes one of the latter two challenges, the trial court must disqualify the veniremember. *Id.* art. 35.19 (West 2006).

The record does not disclose that the trial court questioned the veniremembers in accordance with these provisions, nor does it disclose that either party objected to the court's failure to do so or challenged any veniremember on the grounds discussed above. Relying on state constitutional provisions that generally protect the right of a trial by an impartial jury and describe certain convicts who should be excluded from jury service,[4] but citing no supporting judicial decisions, Njogo contends that the trial court's alleged failure to assess the veniremembers' qualifications requires reversal without any prior objection and with no showing of harm. We cannot agree.

To reverse a conviction, we generally require a showing of harm that results from an error. *See* Tex. R. App. P. 44.2. When an error arises from a trial court's statutory violation, we ask whether the error affected the defendant's substantial rights. *See* Tex. R. App. P. 44.2(b); *Gray v. State*, 159 S.W.3d 95, 98 (Tex. Crim. App. 2005).

Article 44.46 of the code of criminal procedure states that even when a veniremember who is "absolutely disqualified" serves on a jury, a conviction may be reversed only when (1) the defendant raises disqualification before the entry of the verdict, or (2) "the defendant makes a showing of significant harm by the service of

---

[4]*See, e.g.,* Tex. Const. art. I, §§ 10, 15, art. XVI, § 2.

4

the disqualified juror." Tex. Code Crim. Proc. Ann. art. 44.46 (West 2018). The court of criminal appeals has held that article 44.46 applies in "all cases" and prevents automatic reversal for the service of a disqualified juror. *Nelson v. State*, 129 S.W.3d 108, 111–12 (Tex. Crim. App. 2004); *see also White v. State*, 225 S.W.3d 571, 574 (Tex. Crim. App. 2007) (holding that the mere presence of two absolutely disqualified jurors did not demonstrate significant harm under article 44.46).

Although article 44.46 does not address the precise circumstance present here—the trial court's failure to discern (at least on the record) whether each veniremember was qualified—it establishes that matters of absolute juror disqualification are subject to harm analyses. *See* Tex. Code Crim. Proc. Ann. art. 44.46(2). If the record must establish "significant harm" from a known disqualified juror's service to warrant reversal when the disqualification issue was not raised before entry of the verdict, it follows that the record must similarly show harm when a trial court has failed to inquire about a veniremember's qualifications and no party raises that issue in the trial court. Texas courts have so held. *See Melton v. State*, No. 06-05-00280-CR, 2007 WL 608371, at *1–2 (Tex. App.—Texarkana Mar. 1, 2007, no pet.) (mem. op., not designated for publication) (relying on article 44.46 to hold that when a trial court misstated that veniremembers could serve as jurors if they had been convicted of misdemeanor theft and when it was unknown if a disqualified juror actually served because of the misstatement, there was no reversible error because there was no showing of harm); *Woolridge v. State*, No. 01-95-00822-CR, 2001 WL

700501, at *3 (Tex. App.—Houston [1st Dist.] June 21, 2001, no pet.) (op. on remand, not designated for publication) (overruling the appellant's argument when the record did not disclose whether a juror was absolutely disqualified and the record did not show harm); *Smith v. State*, 742 S.W.2d 847, 851 (Tex. App.—Austin 1987, no pet.) (holding that a trial court's failure to make an inquiry required by chapter 35 was harmless because the record did not show that any juror was disqualified).

We agree with the holdings in these cases, and we have not found any contrary authority suggesting that the trial court's failure to test veniremembers' qualifications is immune from a harm analysis. Accordingly, we hold that because the record does not show harm from the trial court's alleged failure to assess the veniremembers' qualifications, the error is not reversible. *See* Tex. Code Crim. Proc. Ann. art. 44.46(2); Tex. R. App. P. 44.2(b). We overrule Njogo's sole issue.

## Conclusion

Having overruled Njogo's only issue, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 31, 2018

6